Jacob M. Heath (SBN 238959)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401
jheath@orrick.com

Attorney for Defendant
FENIX INTERNET LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO MUTO, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC a Delaware limited liability corporation,<br><br>Defendants. | CASE NO. 5:22cv-02164<br><br>**NOTICE OF REMOVAL** |

**TO:        THE CLERK OF THE COURT**

**AND TO:   PLAINTIFF THROUGH HIS COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Defendant Fenix Internet LLC ("Fenix Internet"), by and through its undersigned counsel hereby remove to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), the above captioned action, which was originally filed in the Superior Court for the State of California, County of Riverside, and assigned Case No. CVPS2204080. Prior to filing this Notice of Removal, Fenix Internet met and conferred with counsel for Plaintiff Marcelo Muto ("Plaintiff"), who indicated that Plaintiff does not intend to contest removal of this action.

In support of its Notice of Removal, Fenix Internet states as follows:

## BACKGROUND

1. On October 10, 2022, Plaintiff Marcelo Muto ("Plaintiff"), commenced this action in Riverside County Superior Court by filing a Class Action Complaint entitled *Marcelo Muto, and all others similarly situated, v. Fenix International Limited; Fenix Internet, LLC*.

2. Prior to attempting service of the Complaint, Plaintiff filed the First Amended Complaint ("FAC") on October 24, 2022.

3. Pursuant to California Code of Civil Procedure § 415.40, Plaintiff served the summons and FAC on Fenix Internet's registered agent in Delaware via certified mail, with an effective date of service on November 4, 2022. FIL has not yet been served with the Complaint or FAC. Fenix Internet has not yet responded to the FAC. Copies of the docket and all process, pleadings, and orders filed in this action are attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the

California Superior Court for the County of Riverside, as an exhibit to a Notice of Filing of Notice of Removal.

5. Plaintiff has brought this action against FIL and Fenix Internet pursuant to California's Automatic Renewal Law, Cal. Bus. and Prof. Code § 17600 *et seq.* and § 17535, the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and California's Unfair Competition Law, Cal. Bus. and Prof. Code § 17200, *et seq.*

## JURISDICTION

6. This action is removable pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a State different from any defendant ("minimal diversity"); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interests and costs.

7. "[N]o antiremoval presumption attends cases invoking CAFA … in part because the statute was enacted to facilitate adjudication of certain class actions in federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022). As set forth below, this case meets all the requirements for jurisdiction under CAFA.

**Minimal Diversity of Citizenship**

8. Minimal diversity exists in this case because at least one plaintiff or putative class member is a citizen of a different state than any defendant.

9. Plaintiff alleges that he "is a resident of Riverside County, California." FAC ¶ 5.

10. Plaintiff seeks to represent a class of "[a]ll individuals in California who subscribed to the accounts of one or more OnlyFans creators in the four years preceding the filing of this complaint, and who were subsequently assessed an automatic renewal fee associated with those account(s), where the charge for that fee was not charged back to Defendants." FAC ¶ 30. Fenix is informed and believes that the vast majority, if not the entirety, of purported class members are citizens of California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (allegations of citizenship may be based solely on information and belief).

11. The FAC alleges that FIL is a business entity incorporated under the laws of the United Kingdom, with its principal place of business in London. FAC ¶ 6. In fact, FIL is incorporated and registered in England and Wales, with its headquarters in London. Declaration of Jacob M. Heath ("Heath Decl.") Ex. B, ¶ 3. Accordingly, whether measured by the allegations in the FAC, or the facts offered in the Heath Decl., FIL is a citizen of England and Wales for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

12. The FAC alleges that Fenix Internet is a Delaware limited liability company with its headquarters in Florida. FAC ¶ 7. In fact, Fenix Internet is a Delaware limited liability company with its principal place of business also in Delaware. Heath Decl. Ex. B, ¶ 2. Fenix Internet, therefore, is a citizen of Delaware. Even if Fenix Internet were a citizen of Florida as well, which it is not, minimal diversity would still exist.

13. Accordingly, there is minimal diversity of the parties under CAFA. 28 U.S.C. § 1332(d)(2).

**Neither FIL Nor Fenix Internet Is A Governmental Entity**

14. Neither FIL nor Fenix Internet is a State, State official, or other governmental entity.

**Proposed Class Exceeds 100 Members**

15. The FAC states that "Mr. Muto alleges that the class includes at least 10,000 members." FAC ¶ 31. Accordingly, the proposed class is greater than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

**Amount In Controversy**

16. The amount in controversy is the amount at stake in the underlying litigation. *Jauregui,* 28 F.4th at 994. Importantly, this "does not mean likely or probable liability; rather, it refers to possible liability." *Id*. (citation omitted).

17. "[A] defendant's notice of removal need include only a plausible allegation" that the requirements of CAFA are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). Evidence establishing the amount in controversy is required only when the plaintiff contests or the court questions the defendant's assertion. *Id*.

18. Fenix Internet denies the validity and merit of Plaintiff's alleged claims, and disputes that this action is appropriate for class treatment under Fed. R. Civ. P. 23. But for purposes of setting forth grounds for this Court's subject matter jurisdiction—and without conceding that Plaintiff or the putative class are entitled to damages or any relief whatsoever—it is apparent that, although the FAC does not affirmatively specify a damages figure, the aggregated claims of the putative class exceed CAFA's jurisdictional minimum.

19. The CAC seeks "restitution of the amounts unlawfully charged to the credit and debit cards of Plaintiffs and members of the class in violation of the [Automatic Renewal Law]" for each OnlyFans creator subscription over the four-year limitations period, injunctive relief, reasonable attorneys' fees, costs of suit, and prejudgment interest. FAC Prayer for Relief.

20. Based on the allegations in the FAC, the potential amount in controversy exceeds $5,000,000. While the monthly subscriptions rates charged by the over 3 million content creators worldwide on OnlyFans vary from $4.99 to

$49.99 per month, the average subscription amount is approximately $12 per month.  Using the average subscription amount of $12 over the 48-month period purportedly covered by the putative class and Plaintiff's allegation above that the class includes "at least 10,000 members," the aggregate amount placed in controversy by the FAC ($12 x 48 months x 10,000) is at least $5,760,000.

21.   Plaintiff also seeks recovery of attorneys' fees and costs.  While Fenix Internet does not concede that this relief is recoverable under the claims asserted by Plaintiff, the potential award of attorneys' fees and costs can be considered in determining whether the minimum amount in controversy under CAFA is met.  *Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007).  Given that an attorneys' fees award in a certified class action could amount to twenty-five percent (25%) of the aggregate recovery, this claim for relief increases the amount in controversy by an additional 25%.  *See Jasso v. Money Mart Exp., Inc*. No. 11-5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

22.   Plaintiff's request for injunctive relief also factors into the amount in controversy.  "It is proper under CAFA to consider the defendant's cost of compliance with an injunction just as it is proper to consider the plaintiff's benefit from the injunction." *Guerard v. CNA Fin. Corp.* No. C 09-01801 SBA, 2009 WL 10710608, at *3 (N.D. Cal. July 31, 2009) (citing *Tompkins v. Basic Research LLC*, No 08-cv-244 LHK, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008).  In determining the value of injunctive relief for purposes of the amount in controversy, the Ninth Circuit utilizes the "either viewpoint" rule, under which the amount in controversy is the financial burden the judgment could produce to either party.  *Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020).

23.   Fenix Internet denies that it has any liability to Plaintiff, to any putative class member, or to any other individual(s), and denies that the putative class could be certified for class treatment.  Nevertheless, the aggregate amount

placed in controversy by Plaintiff's FAC, including restitution of subscription fees, attorneys' fees and costs, and injunctive relief, exceeds $5,000,000.

**NOTICE OF REMOVAL IS TIMELY**

24. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after … service on that defendant of the initial pleading or summons … to file the notice of removal." Here, Fenix Internet was served on November 4, 2022; it filed this Notice of Removal on December 5, 2022, thirty days after service.

**VENUE FOR REMOVAL**

25. Because this action was initially brought in the Riverside County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 128(a): this District embraces Riverside County, California, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**NOTICE OF FILING OF NOTICE OF REMOVAL**

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Riverside County Superior Court.

**CONCLUSION**

WHEREFORE, Defendant Fenix Internet LLC hereby removes this action to this Court for all future proceedings.

| | | |
|---|---|---|
| 1 | Dated:  December 5, 2022 | ORRICK, HERRINGTON & SUTCLIFFE LLP |

By: *s/ Jacob M. Heath*
    Jacob M. Heath (SBN 238959)
    jheath@orrick.com

Attorneys for Defendant
FENIX INTERNET LLC.