# EXHIBIT A

**THE SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF RIVERSIDE**

## CVPS2204080          MUTO vs FENIX INTERNATIONAL LIMITED

Filed Date:  **10/10/2022 Unlimited Civil Business Tort/Unfair Business Practice**
Case Status: **Active**                              **Palm Springs - Department PS2**

Print Case Report

## Case Summary

### ⌄ COMPLAINTS/PETITIONS

| Filings | Represented By | Status | Dispositions |
|---|---|---|---|
| **MUTO vs FENIX INTERNATIONAL LIMITED**<br>Unlimited Civil Business Tort/Unfair Business Practice | | Active | |
| **1st Amended Complaint for Business Tort/Unfair Business Practice (Over $25,000) of MARCELO MUTO** | | Filed: 10/24/2022 | |
| Plaintiff: MARCELO MUTO | MARK POE | | |
| Defendant: FENIX INTERNATIONAL LIMITED | | Waiting Service as of 10/24/2022 | |
| Defendant: FENIX INTERNET LLC | | Waiting Service as of 10/24/2022 | |

### ⌄ HEARINGS

| Date Time | Type | Judicial Officer | Location/Courtroom | Disposition |
|---|---|---|---|---|
| 04/19/2023 08:30 AM | Case Management Conference | Manuel Bustamante | Department PS2 | |

### ⌄ DEADLINES & REMINDERS

| Date Created | Timestandard | Expiration Date | Status |
|---|---|---|---|
| 10/10/2022 | Non-Proof of Service of Summons and Complaint | 12/09/2022 | Active |

## DOCUMENTS

Search

Document Download

| Status | Date | Description | Filed By | Confidential |
|---|---|---|---|---|
| Filed | 10/10/2022 | Complaint for Business Tort/Unfair Business Practice (Over $25,000) | MARCELO MUTO | |
| Filed | 10/10/2022 | Civil Case Cover Sheet | MARCELO MUTO | |
| Filed | 10/10/2022 | Certificate of Counsel. | MARCELO MUTO | |
| Filed | 10/10/2022 | Summons Issued and Filed | MARCELO MUTO | |
| Filed | 10/10/2022 | Summons Issued and Filed | MARCELO MUTO | |
| Generated | 10/21/2022 | Notice of Case Management Conference Complaint for Business Tort/Unfair Business Practice (Over $25,000) | | |
| Generated | 10/21/2022 | Notice of Department Assignment | | |
| Filed | 10/24/2022 | 1st Amended Complaint for Business Tort/Unfair Business Practice (Over $25,000) of MARCELO MUTO | MARCELO MUTO | |

## CASE LEDGER

| Date Imposed | Fee/Fine Description | Amount | Paid | Balance |
|---|---|---|---|---|
| 10/21/2022 | Unlimited complaint or other first paper in unlimited civil case amount over $25,000 including UD over $25K, petition for writ of review, mandate, or prohibition; petition for a decree of change of name or gender (GC70611) | $450.00 | $450.00 | $0.00 |
| 10/21/2022 | Fee for eFiling | $1.00 | $1.00 | $0.00 |
| 10/25/2022 | Fee for eFiling | $1.00 | $1.00 | $0.00 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

Electronically FILED by Superior Court of California, County of Riverside on 10/10/2022 08:24 PM
Case Number CVPS2204080 0000036195516 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Kimberly Jove, Clerk

1   MARK W. POE (BAR NO. 223714)
     mpoe@gawpoe.com
2   VICTOR MENG (BAR NO. 254102)
     vmeng@gawpoe.com
3   FLORA VIGO (BAR NO. 239643)
     fvigo@gawpoe.com
4   GAW | POE LLP
     4 Embarcadero, Suite 1400
5   San Francisco, CA  94111
     Telephone: 415-766-7451
6

7   Attorneys for Plaintiff
     MARCELO MUTO
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF RIVERSIDE

11                        UNLIMITED JURISDICTION

| | |
|---|---|
| 12  MARCELO MUTO, and all others similarly situated, | Case No. CVPS2204080 |
| 13 | |
| 14  Plaintiff, | COMPLAINT FOR: |
| 15  v. | (1) VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT [Civ. Code § 1750 et seq.] and |
| 16  FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC, | |
| 17  Defendants. | (2) UNFAIR COMPETITION [Bus. & Prof. Code § 17200 et seq., § 17600 et seq.] |
| 18 | |
| 19 | |
| 20 | |
| 21 | |

22                        **INTRODUCTION**

23       1.      Plaintiff Marcelo Muto brings this action to remedy Defendants' failure to comply

24   with the ARL.

25                        **PARTIES**

26       2.      Plaintiff Marcelo Muto is a resident of Riverside County, California.

27       3.      Defendant Fenix International Limited ("FIL") is, on information and belief, a

28   business entity incorporated under the laws of the United Kingdom, with its principal place of

business in London.  FIL is the counterparty to the Terms of Service that Mr. Muto entered in Riverside County.  On information and belief, FIL is the business entity that receives some or all of the automatic renewal fees that are paid by OnlyFans customers and that are the subject of this complaint.

4.      Defendant Fenix Internet LLC is a Delaware limited liability company that is headquartered in Florida.  On information and belief, Fenix Internet LLC is a wholly owned subsidiary of FIL, and is the company through which OnlyFan's content creators receive payment.  Accordingly, Fenix Internet LLC is, or has been, continuously in possession of a portion of the money Mr. Muto seeks to have restored to him by virtue of this lawsuit.

## VENUE

5.      Venue is proper in this jurisdiction because Plaintiff resides in Riverside County and entered into the transactions at issue in this case in Riverside County.

## FACTUAL ALLEGATIONS

6.      Defendants violated California's ARL on their OnlyFans platform by not presenting the automatic renewal terms in a clear and conspicuous manner, and by not sending Mr. Muto a post-transaction acknowledgement containing the information required by section 17602(a)(3).

7.      Plaintiff Marcelo Muto subscribed to follow the account of an OnlyFans creator called "@taste.of.heaven" in February 2021.  Mr. Muto paid the initial subscription fee to that account, and in doing so failed to receive an adequate set of disclosures at the time of that transaction to clearly and conspicuously advise him that his card would be automatically billed upon expiration of his initial enrollment period.  Similarly, upon information and belief Mr. Muto did not receive any post-transaction acknowledgement advising him of the matters set forth in section 17602(a)(3), but if he did, that acknowledgement would have consisted of nothing but a very short email identifying the account he had subscribed to.

8.      Mr. Muto was thereafter charged a $29.99 automatic renewal fee on or about March 14, 2021, which Defendants refused to refund to him.

9.      Had Mr. Muto received the clear and conspicuous disclosures required by the ARL

at the time he initially subscribed to @taste.of.heaven, and the post-subscription acknowledgment required by section 17602(a)(3) with details on the auto-renewal offer and a readily accessible means of canceling, he would have canceled his subscription prior to the renewal date, and would not have lost $29.99 to Defendants.

### FIRST CAUSE OF ACTION

**(Violation of the California Consumer Legal Remedies Act, Civ. Code § 1750 *et seq.*)**

10.     Plaintiff hereby incorporates the allegations of all preceding paragraphs as though fully set forth herein.

11.     Plaintiff is a "consumer" within the meaning of Civil Code § 1761(d) in that Plaintiff sought or acquired Defendants' goods and/or services for personal purposes.

12.     Defendants' membership program pertains to "services" within the meaning of Civil Code § 1761(a) and (b).

13.     The payments that Plaintiff made to Defendants are "transactions" within the meaning of Civil Code section 1761(e).

14.     Defendants have violated Civil Code § 1770, subdivisions (a)(5), (9), and (14), by representing that Defendants' goods or services have characteristics that they do not have; advertising goods and services with the intent not to sell them as advertised; and representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

15.     Unless enjoined and restrained by this Court, Defendants will continue to commit the violations alleged herein.  Pursuant to Civil Code § 1780(a)(2), Plaintiff seeks an injunction prohibiting Defendants from continuing their unlawful practices as alleged herein.

### SECOND CAUSE OF ACTION

**(Violation of the California Unfair Competition Law, B&P Code § 17200 *et seq.*; § 17600 *et seq.*)**

16.     Plaintiff hereby incorporates the allegations of all preceding paragraphs as though fully set forth herein.

17.     The Unfair Competition Law defines unfair competition as including any

unlawful, unfair, or fraudulent business act or practice; any unfair, deceptive, untrue, or misleading advertising; and any act of false advertising under § 17500.

18.     In the course of conducting business in California within the applicable limitations period, Defendants committed unlawful, unfair, and/or fraudulent business practices, and engaged in unfair, deceptive, untrue, or misleading advertising, by, inter alia and without limitation: (a) failing to present automatic renewal offer terms in a clear and conspicuous manner before a subscription or purchasing agreement is fulfilled and in visual proximity to the offer; (b) charging the consumer's credit card or debit card for an automatic renewal fee without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosure of the automatic renewal offer terms; and (c) failing to provide an acknowledgment that includes clear and conspicuous disclosure of all automatic renewal offer terms, the cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer and that provides a mechanism for cancellation that is cost-effective, timely, and easy to use, all in violation of § 17602(a) and (b).

19.     Plaintiff has lost money as a result of Defendants' unlawful acts of unfair competition, in that Plaintiff would not have incurred the automatic renewal fee associated with the account of the creator known as @taste.of.heaven had Defendants fully, clearly, and conspicuously apprised him of the terms of the automatic renewal offer described herein.

20.     Pursuant to § 17203, Plaintiff is entitled to restitution of the amount he paid to Defendants in connection with an automatic renewal membership program.

21.     Unless enjoined and restrained by this Court, Defendants will continue to commit the violations alleged herein. Pursuant to § 17203, Plaintiff seeks an injunction prohibiting Defendants from continuing their unlawful practices as alleged herein.

## PRAYER

Plaintiff prays for judgment against Defendants, as follows:

1.     For restitution of the amounts he was unlawfully charged;

2.     For injunctive relief against further violations of the ARL by Defendants;

3.     For costs of suit;

1    4.    For prejudgment interest; and

2    5.    For such other relief as the Court deems just and proper.

3

4    Dated: September 21, 2022          GAW | POE LLP

5

6                                       By: _____

7                                          MARK POE

8                                          Attorneys for Plaintiff
                                           Marcelo Muto

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Riverside on 10/10/2022 08:24 PM
Case 5:22-cv-02404-DSF-SHK Document 1-1 Filed 12/05/22 Page 9 of 40 Page ID #:17
Case Number CVPS2204080 0000007950 7 J. Martinez, Deputy Clerk 41 the Court of California, County of Riverside, by J. Martinez, Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |

Mark Poe (223714)
Gaw | Poe LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
TELEPHONE NO.: 415-766-7451   FAX NO.: 415-737-0642
ATTORNEY FOR *(Name):* Marcelo Muto

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs 92262
BRANCH NAME: Palm Springs Courthouse

CASE NAME: Muto v. Fenix International Limited, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✓ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter**   ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVPS2204080 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
✓ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 21, 2022

Mark Poe
_____
(TYPE OR PRINT NAME)                              ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | | | |
|---|---|---|---|
| ☐ | **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ | **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☒ | **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ | **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ | **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ | **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | | |

RI-CI032

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)<br>Mark Poe (223714)<br>Gaw | Poe LLP<br>4 Embarcadero, Suite 1400<br>San Francisco, CA 94111<br><br>TELEPHONE NO: 415-766-7451    FAX NO. *(Optional)*<br>E-MAIL ADDRESS *(Optional):* mpoe@gawpoe.com<br>ATTORNEY FOR *(Name):* Marcelo Muto | *FOR COURT USE ONLY* |
| PLAINTIFF/PETITIONER: Marcelo Muto | |
| DEFENDANT/RESPONDENT: Fenix International Limited; Fenix Internet LLC | CASE NUMBER:<br>CVPS2204080 |

| |
|---|
| **CERTIFICATE OF COUNSEL** |

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92201

☐    The action concerns real property located in the zip code of:

☐    The Defendant resides in the zip code of:

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  October 6, 2022

Mark Poe
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►    _____ (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032  [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localforms/localforms.shtml

Case 5:22-cv-02164-SSS-RK Document 1-1 Filed 12/05/22 Page 12 of 40 Page ID #:20
Electronically FILED by Superior Court of California, County of Riverside on 10/10/2022 09:26 PM
Case Number CVPS2204080 0000036195520 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Kimberly Jove, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FENIX INTERNET LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Marcelo Muto

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside County Superior Court<br><br>Palm Springs Courthouse, 3255 E. Tahquitz Canyon Way, Palm Springs, CA | CASE NUMBER: *(Número del Caso):*<br><br>CVPS2204080 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark Poe, Gaw | Poe LLP, 4 Embarcadero, Suite 1400, San Francisco, CA  415-766-7451

| DATE: *(Fecha)* 10/10/2022 | Clerk, by *(Secretario)* _____Kimberly Jove_____ , Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FENIX INTERNATIONAL LIMITED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Marcelo Muto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso:)* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside County Superior Court | CVPS2204080 |

Palm Springs Courthouse, 3255 E. Tahquitz Canyon Way, Palm Springs, CA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark Poe, Gaw | Poe LLP, 4 Embarcadero, Suite 1400, San Francisco, CA 415-766-7451

| DATE: *(Fecha)* 10/18/2022 | Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse

3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**Case Number:**   CVPS2204080

**Case Name:**   MUTO vs FENIX INTERNATIONAL LIMITED

MARK POE
4 EMBARCADERO CENTER SUITE 1400

San Francisco, CA 94111

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 04/19/2023 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>**3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

 Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
K. Jove, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse

3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**Case Number:**     CVPS2204080

**Case Name:**     MUTO vs FENIX INTERNATIONAL LIMITED

MARCELO MUTO

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 04/19/2023 | 8:30 AM | Department PS2 |
| Location of Hearing: <br> **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| --- | --- |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
K. Jove, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse

3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**Case Number:** CVPS2204080

**Case Name:** MUTO vs FENIX INTERNATIONAL LIMITED

FENIX INTERNATIONAL LIMITED

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/19/2023 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>**3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #

Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
K. Jove, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**Case Number:**   CVPS2204080

**Case Name:**   MUTO vs FENIX INTERNATIONAL LIMITED

FENIX INTERNET LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 04/19/2023 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>**3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/21/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
K. Jove, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2204080

POE, MARK                                          MUTO, MARCELO
4 EMBARCADERO CENTER SUITE 1400

San Francisco, CA 94111                            FENIX INTERNET LLC


FENIX INTERNATIONAL LIMITED

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**Case Number:**    CVPS2204080

**Case Name:**    MUTO vs FENIX INTERNATIONAL LIMITED

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Manuel Bustamante in Department PS2  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 10/21/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:

_____
K. Jove, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

Electronically FILED by Superior Court of California, County of Riverside on 10/24/2022 04:21 PM
Case Number CVPS2204080 0000037643437 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

MARK W. POE (BAR NO. 223714)
  mpoe@gawpoe.com
VICTOR MENG (BAR NO. 254102)
  vmeng@gawpoe.com
FLORA VIGO (BAR NO. 239643)
  fvigo@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA  94111
Telephone: 415-766-7451

Attorneys for Plaintiff
MARCELO MUTO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

## UNLIMITED JURISDICTION

| | |
|---|---|
| MARCELO MUTO, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC,<br><br>Defendants. | Case No.  CVPS2204080<br><br><u>CLASS ACTION</u><br><br>FIRST AMENDED COMPLAINT FOR:<br><br>(1) FALSE ADVERTISING – VIOLATION OF THE CALIFORNIA AUTOMATIC RENEWAL LAW [Bus. and Prof. Code § 17600 et seq. and § 17535];<br><br>(2) VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT [Civ. Code § 1750 et seq.] and<br><br>(3) UNFAIR COMPETITION [Bus. & Prof. Code § 17200 et seq.] |

## INTRODUCTION

1.     Pursuant to California Code of Civil Procedure section 472(1), Plaintiff Marcelo

Muto hereby amends the complaint he initially filed in this action on October 10, 2022.

2.     California's Automatic Renewal Law (the "ARL") requires that when a business enrolls a California consumer in a service that automatically renews at the end of an initial enrollment period, the business must disclose the terms of that automatic renewal "in a clear and conspicuous manner" before the initial subscription is consummated, and thereafter send the user an acknowledgment further describing the auto-renewal terms and providing information as to how the user can readily cancel before incurring an auto-renewal charge.

3.     Defendants own and operate the popular sexual content platform "OnlyFans," through which consumers can "subscribe" to the OnlyFans accounts of one or more among thousands of different performers, known as "content creators." Consumer subscriptions are the cornerstone of Defendants' revenue model. Yet in violation of California's ARL, by failing to clearly and conspicuously advise its customers that their initial subscription to a creator will be automatically renewed, OnlyFans tricks its customers into making recurring payments, triggering a charge to the customer's debit or credit card ranging from $4.99 to $49.99 for the following month.

4.     Plaintiff Marcelo Muto brings this action to obtain injunctive and monetary relief for himself and all other similarly situated OnlyFans customers in California, who entered an automatic renewal plan without receiving the pre- and post-subscription disclosures that are required by California law.

**PARTIES**

5.     Plaintiff Marcelo Muto is a resident of Riverside County, California.

6.     Defendant Fenix International Limited ("FIL") is, on information and belief, a business entity incorporated under the laws of the United Kingdom, with its principal place of business in London. FIL is the counterparty to the Terms of Service that customers of OnlyFans.com enter when they become members of the site, and thus does business throughout the United States, including with hundreds or thousands of residents of Riverside County. On information and belief, FIL is the business entity that receives some or all of the automatic renewal fees that are paid by OnlyFans customers and that are the subject of this complaint.

7.     Defendant Fenix Internet LLC is a Delaware limited liability company that is

headquartered in Florida.  On information and belief, Fenix Internet LLC is a wholly owned subsidiary of FIL, and is the company through which OnlyFan's content creators receive payment.  Accordingly, Fenix Internet LLC is, or has been, continuously in possession of money wrongfully taken from Plaintiff and the class he seeks to represent, and which is to be restored to those consumers by virtue of this lawsuit.

## VENUE

8.       Venue is proper in this jurisdiction because Plaintiff resides in Riverside County and entered into the transactions at issue in this case in Riverside County.

## APPLICABLE LAW

9.       In 2009, the California Legislature passed Senate Bill 340, which took effect on December l, 2010 as Business & Professions Code section 17600 *et seq.*, commonly known as the Automatic Renewal Law or "ARL."  The ARL was passed because:

> It has become increasingly common for consumers to complain about unwanted charges on their credit cards for products or services that the consumer did not explicitly request or know they were agreeing to. Consumers report they believed they were making a one-time purchase of a product, only to receive continued shipments of the product and charges on their credit card. These unforeseen charges are often the result of agreements enumerated in the "fine print" on an order or advertisement that the consumer responded to.

10.       The Assembly Committee on the Judiciary provided the following background for the legislation:

> This non-controversial bill, which received a unanimous vote on the Senate floor, seeks to protect consumers from unwittingly consenting to "automatic renewals" of subscription orders or other "continuous service" offers. According to the author and supporters, consumers are often charged for renewal purchases without their consent or knowledge. For example, consumers sometimes find that a magazine subscription renewal appears on a credit card statement even though they never agreed to a renewal.

11.       The ARL seeks to ensure that, before there can be a legally-binding automatic renewal or continuous service arrangement, there must first be clear and conspicuous disclosure of certain terms and conditions and affirmative consent by the consumer. To that end, § 17602(a) makes it unlawful for any business making an automatic renewal offer or a continuous service offer to a consumer in California to do any of the following:

a. Fail to present the automatic renewal offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity to the request for consent to the offer. For this purpose, "clear and conspicuous" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." The statute defines "automatic renewal offer terms" to mean the "clear and conspicuous" disclosure of the following: (1) that the subscription or purchasing agreement will continue until the consumer cancels; (2) the description of the cancellation policy that applies to the offer; (3) the recurring charges that will be charged to the consumer's credit or debit card as part of the automatic renewal plan or arrangement, (4) the length of the automatic renewal term or that the service is continuous; and (5) the minimum purchase obligation, if any.

b. Charge the consumer's credit or debit card for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time.

c. Fail to provide an acknowledgment that includes the automatic renewal terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. Section 17602(b) requires that the acknowledgment specified in § 17602(a)(3) include a toll-free telephone number, electronic mail address, or another "cost-effective, timely, and easy-to-use" mechanism for cancellation.

12. If a business sends any goods, wares, merchandise, or products to a consumer under a purported automatic renewal or continuous service arrangement without first obtaining the consumer's affirmative consent to an agreement containing the "clear and conspicuous" disclosures as specified in the ARL, the goods, wares, merchandise, and/or products are deemed to be an unconditional gift to the consumer, who may use or dispose of them without any obligation whatsoever. While the ARL does not include a private right of action, a violation

4

1    nevertheless gives rise to restitution and injunctive relief under the False Advertising Law and

2    Unfair Competition Law.

3    **FACTUAL ALLEGATIONS**

4        13.    Every subscription to a creator's content on OnlyFans violates the ARL in

5    numerous ways, but primarily by:

6            (1) failing to "present the automatic renewal offer terms . . . in a clear and

7    conspicuous manner" before payment is made, in violation of section 17602(a)(1);

8            (2) charging the consumer's credit or debit card "without first obtaining the

9    consumer's affirmative consent to the agreement containing the automatic renewal

10   offer terms" in violation of section 17602(a)(2); and

11           (3) failing to "provide an acknowledgment that includes the automatic renewal

12   offer terms . . . cancellation policy, and information regarding how to cancel" in

13   violation of section 17602(a)(3).

14       14.    The foregoing violations are all made obvious through an illustration of an

15   exemplary enrollment to the OnlyFans account of the popular Kardashian-adjacent celebrity and

16   OnlyFans content creator known as "Blac Chyna," who is reported to have been the top-earning

17   creator on OnlyFans for 2021, generating revenue for Defendants of $20 million per month.

18       15.    A user joins OnlyFans by navigating to OnlyFans.com and clicking a hyperlink

19   titled "Sign up for OnlyFans."  The user then creates an account by choosing a user name, and

20   inputting their email address and choosing a password.  After receiving an email at that address to

21   "verify your email address," the user is taken to a "Home" screen with a menu on the left, a

22   middle section with a selection of "posts" made by users and creators, a search tool for finding

23   creators, and a list of "suggestions" on the right, highlighting certain content creators whose

24   profiles the user can scroll through.

25       16.    When a user searches and then navigates to the profile page for Blac Chyna, for

26

27

28

5

1   example, they are presented with the following screen:



17.     Upon clicking the "SUBSCRIBE" button, the user is advised of certain "benefits"

from the subscription and is asked to add a payment card:



18.     The user then inputs their credit card information, and receives an on-screen

6

confirmation that "You will be charged $19.99," with no suggestion that the charge will be recurring:



19.     After clicking the "PAY" link on that screen the user is returned to the creator's profile page, where a box in the middle of the page notes that the user is "SUBSCRIBED" in bold blue font, and with only a one-word indication (in smaller, lower-case, light gray font) that the subscription "Renews," and with the renewal date indicated in similarly small, light-gray font:

7



20.   As shown, the creator's profile page does not include any indication as to how one can "unsubscribe," or otherwise cancel future monthly payments.

21.   Upon making payment, the user will sometimes receive a confirmation email at the address they used in the sign-up process.  That bare-bones confirmation email does not provide any information or reminder that the charge will be recurring or automatically renew, nor does it provide any information as to how the user can "unsubscribe," Defendants' cancellation policy, or any of the other information required by section 17602(a)(3):

22.     In other circumstances, the details of which are unknown to Plaintiff prior to taking discovery in this matter, the user receives no acknowledgement whatsoever after making payment, as exemplified by the instance where one pays $6.99 to follow the creator known as @annie_kay.

23.     Furthermore, nowhere in the foregoing enrollment process to a particular creator's account do Defendants "first obtain[ ] the consumer's affirmative consent to the agreement containing the automatic renewal offer terms," which is in further violation of section 17602(a)(2).  In particular, on the webpage in the sign-up process where a user selects a username and inputs his or her email address and selects a password, Defendants include (in light grey and light blue, extremely small text) a notification that "By signing up you agree to our Terms of Service and Privacy Policy," with hyperlinks to those documents, as seen in the following screenshot:

24.     Clicking on the "Terms of Service" link takes a user to a separate webpage that consists of a 36-page set of "terms."  Nowhere in that document are the terms of Defendants' automatic renewal offer set forth clearly and conspicuously either, in further violation of ARL section 17602.  Rather, the automatic renewal explanation is buried in section 8.h of that document, on its fifteenth page, where it is presented in a way that is indistinguishable from any other term in the agreement.

25.     All of these violations of the ARL occur systematically, in that each user who subscribes to each content creator's account receives the exact same legally inadequate disclosures on the front end of the transaction, and the exact same inadequate "acknowledgement" (or lack of any acknowledgement whatsoever) on the back end of the transaction.

26.     Plaintiff Marcelo Muto was subject to this same pattern of violation of the ARL when he subscribed to follow the account of an OnlyFans creator called "@taste.of.heaven" in February 2021.  Mr. Muto paid the initial subscription fee to that account, and in doing so failed to receive an adequate set of disclosures at the time of that transaction to clearly and

conspicuously advise him that his card would be automatically billed upon expiration of his initial

enrollment period.  Similarly, upon information and belief Mr. Muto did not receive any post-

transaction acknowledgement advising him of the matters set forth in section 17602(a)(3), but if

he did, that acknowledgement would have consisted of nothing beyond the Blac Chyna

confirmation email excerpted above.

27.     Mr. Muto was thereafter charged a $29.99 automatic renewal fee on or about

March 14, 2021.  Only when Mr. Muto thereupon contacted Defendants to complain about the

charge—advising that "I was charged 30 dollars unintentionally"—did Defendants respond

through a customer service representative called "Evans" with the explanation:

> Hi there,
>
> Thanks for reaching out.
>
> The auto-renewal for the subscription to @taste.of.heaven was not disabled before the next billing date. The auto-renew feature was enabled from the start, I am sorry you did not notice this at first.
>
> You may cancel your subscription at any time, which will allow you to access the user's profile until the end of the existing billing period, where you will lose access to the content and will not be re-billed. Navigate to this page and make sure that Auto-Renew for your subscription is disabled: https://onlyfans.com/my/subscriptions/
>
> If you see a Subscribed button and the renewal date for the corresponding subscription - it is set for Auto-Renew. And if you see the Renew button and the expiration date - it means that Auto-Renew is already disabled.
>
> Users can unsubscribe anytime, but there are no refunds as all subscriptions are final and non-refundable. Please see more details at this page: https://onlyfans.com/terms
>
> Feel free to let us know if we can help you with anything else in the future.
>
> Evans

28.     In other words, Defendants fully acknowledged the likelihood that Mr. Muto "did

not notice this at first," (*i.e.*, that "[t]he auto-renew feature was enabled"), but nevertheless

advised that "there are no refunds as all subscriptions are final."  Had Mr. Muto received the clear

and conspicuous disclosures required by the ARL at the time he initially subscribed to

@taste.of.heaven, and the post-subscription acknowledgment required by section 17602(a)(3)

with details on the auto-renewal offer and a readily accessible means of canceling, he would have

canceled his subscription prior to the renewal date, and would not have lost $29.99 to Defendants.

**CLASS ALLEGATIONS**

29.     Mr. Muto's experience with Defendants' deceptive automatic renewal scheme is far from unique.  Indeed, every California consumer who subscribed to every creator account within the relevant statute of limitations period failed to receive the disclosures that California law requires in exactly the same way that Mr. Muto failed to receive them.  Because all of those automatic renewal fees assessed against California consumers were "unlawful," B&P Code § 17602(a), Mr. Muto and all members of the class he seeks to represent are entitled to restitution of the fees they paid, in every successive month for which they were assessed.

30.     Mr. Muto brings this lawsuit as a class action under Code of Civil Procedure § 382 on behalf of the following Class:

> All individuals in California who subscribed to the accounts of one or more OnlyFans creators in the four years preceding the filing of this complaint, and who were subsequently assessed an automatic renewal fee associated with those account(s), where the charge for that fee was not charged back to Defendants.  Excluded from the Class are all employees of Defendants, and the judicial officers to whom this case is assigned.

Plaintiff reserves the right to amend this class definition as necessary and appropriate prior to moving for class certification.

31.     The proposed class is so numerous that joinder of all class members would be impracticable.  Upon information and belief, Mr. Muto alleges that the class includes at least 10,000 members.  The class members are all ascertainable from records in possession of Defendants, specifically Defendants' customer and billing records.  Furthermore, Defendants' actions against class members are generally applicable to every member of the proposed class, thereby making appropriate restitution and further injunctive relief appropriate as to the entire proposed class.

32.     The questions of law and fact that are determinative of Mr. Muto's allegations are shared by all members of the class, and greatly predominate over any individual issues.  Common questions include, without limitation:  (1) whether Defendants present all statutorily-mandated automatic renewal offer terms in a manner that is clear and conspicuous within the meaning of

California law and in visual proximity to a request for consent to the offer; (2) whether Defendants provide the post-transaction acknowledgement disclosures required by section 17602(a)(3) of the ARL; (3) Defendants' policies, practices and procedures for obtaining affirmative consent from their California customers before charging their credit or debit card; and (4) the appropriate remedies for Defendants' conduct.

33.     Mr. Muto's claims are typical of the claims of the class members in that he received the exact same inadequate pre-transaction disclosures as received by all members of the class, and similarly received an inadequate post-transaction "acknowledgement" that included the contents required by section 17602(a)(3).  Mr. Muto's claims are further typical in that his card was charged for an automatic renewal fee without Defendants having first obtained his affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal offer terms.  Mr. Muto furthermore has no interests that are adverse to those of the absent class members, and he has committed to fairly and adequately protect the interests of those class members.

34.     A class action is superior to other methods for resolving this controversy.  Because the amount of restitution to which each Class member may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for Class members to redress the wrongs done to them without a class action forum. Furthermore, on information and belief, Class members do not know that their statutory rights have been violated, so they would be unlikely to pursue single-party remedies on their own behalf absent a class action.  Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

### FIRST CAUSE OF ACTION

### (False Advertising in Violation of the California Automatic Renewal Law, B&P Code §§ 17535; 17600 *et seq.*)

35.      Plaintiff hereby incorporates the allegations of all preceding paragraphs as though fully set forth herein.

36.     Defendants enrolled Plaintiff and an untold number of California consumers who

1   comprise the class alleged herein, into an automatic renewal program that violates the ARL by,

2   among other things, (a) failing to present automatic renewal offer terms in a clear and

3   conspicuous manner before a subscription or purchasing agreement is fulfilled and in visual

4   proximity to the offer; (b) charging the consumer's credit card or debit card for an automatic

5   renewal fee without first obtaining the consumer's affirmative consent to an agreement containing

6   clear and conspicuous disclosure of all automatic renewal offer terms; and (c) failing to provide

7   an acknowledgment that includes clear and conspicuous disclosure of all automatic renewal offer

8   terms, the cancellation policy, and information regarding how to cancel in a manner that is

9   capable of being retained by the consumer and that provides a mechanism for cancellation that is

10  cost-effective, timely, and easy to use, all in violation of § 17602(a) and (b).

11      37.    Defendants' violations of the ARL are in turn a violation of California's False

12  Advertising Law, Business & Professions Code section 17500 *et seq.* Under section 17535 of the

13  False Advertising Law, Plaintiff and members of the class are entitled to an injunction prohibiting

14  further violations of the ARL, and restoring to Plaintiff and members of the class the money that

15  Defendants acquired from them by means of the ARL violations described herein.

16  **SECOND CAUSE OF ACTION**

17  **(Violation of the California Consumer Legal Remedies Act, Civ. Code § 1750 *et seq.*)**

18      38.    Plaintiff hereby incorporates the allegations of all preceding paragraphs as though

19  fully set forth herein.

20      39.    Plaintiff and all members of the class are "consumers" within the meaning of Civil

21  Code § 1761(d) in that Plaintiffs sought or acquired Defendants' goods and/or services for

22  personal purposes.

23      40.    Defendants' membership program pertains to "services" within the meaning of

24  Civil Code § 1761(a) and (b).

25      41.    The payments that Plaintiff and members of the class made to Defendants are

26  "transactions" within the meaning of Civil Code section 1761(e).

27      42.    Defendants have violated Civil Code § 1770, subdivisions (a)(5), (9), and (14), by

28  representing that Defendants' goods or services have characteristics that they do not have;

14

1  advertising goods and services with the intent not to sell them as advertised; and representing that

2  a transaction confers or involves rights, remedies, or obligations that it does not have or involve,

3  or that are prohibited by law.

4        43.    Unless enjoined and restrained by this Court, Defendants will continue to commit

5  the violations alleged herein.  Pursuant to Civil Code § 1780(a)(2), on behalf of the Class and also

6  for the benefit of the general public of the State of California, Plaintiff seeks an injunction

7  prohibiting Defendants from continuing their unlawful practices as alleged herein.

8  **THIRD CAUSE OF ACTION**

9  **(Violation of the California Unfair Competition Law, B&P Code § 17200 *et seq.*)**

10        44.    Plaintiff hereby incorporates the allegations of all preceding paragraphs as though

11  fully set forth herein.

12        45.    The Unfair Competition Law defines unfair competition as including any

13  unlawful, unfair, or fraudulent business act or practice; any unfair, deceptive, untrue, or

14  misleading advertising; and any act of false advertising under § 17500.

15        46.    In the course of conducting business in California within the applicable limitations

16  period, Defendants committed unlawful, unfair, and/or fraudulent business practices, and engaged

17  in unfair, deceptive, untrue, or misleading advertising, by, inter alia and without limitation:  (a)

18  failing to present automatic renewal offer terms in a clear and conspicuous manner before a

19  subscription or purchasing agreement is fulfilled and in visual proximity to the offer; (b) charging

20  the consumer's credit card or debit card for an automatic renewal fee without first obtaining the

21  consumer's affirmative consent to an agreement containing clear and conspicuous disclosure of

22  the automatic renewal offer terms; and (c) failing to provide an acknowledgment that includes

23  clear and conspicuous disclosure of all automatic renewal offer terms, the cancellation policy, and

24  information regarding how to cancel in a manner that is capable of being retained by the

25  consumer and that provides a mechanism for cancellation that is cost-effective, timely, and easy

26  to use, all in violation of § 17602(a) and (b).

27        47.    Defendants' acts, omissions, nondisclosures, and statements as alleged herein were

28  and are false, misleading, and/or likely to deceive the consuming public.

15

48.     Plaintiff and all members of the class have lost money as a result of Defendants' unlawful acts of unfair competition, in that Plaintiff would not have incurred the automatic renewal fee associated with the account of the creator known as @taste.of.heaven had Defendants fully, clearly, and conspicuously apprised him of the terms of the automatic renewal offer described herein.

49.     Pursuant to § 17203, Plaintiff and the members of the class are entitled to restitution of all amounts paid to Defendants in connection with an automatic renewal membership program in the four years preceding the filing of this Complaint and continuing until Defendants' acts of unfair competition cease.

50.     Unless enjoined and restrained by this Court, Defendants will continue to commit the violations alleged herein.  Pursuant to § 17203, on behalf of the class, and for the benefit of the general public of the State of California, Plaintiff seeks an injunction prohibiting Defendants from continuing their unlawful practices as alleged herein.

**PRAYER**

Plaintiff prays for judgment on behalf of himself and all members of the class alleged herein, against Defendants, as follows:

1.     For restitution of the amounts unlawfully charged to the credit and debit cards of Plaintiffs and members of the class in violation of the ARL;

2.     For injunctive relief against further violations of the ARL by Defendants;

3.     For reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5;

4.     For costs of suit;

5.     For prejudgment interest; and

6.     For such other relief as the Court deems just and proper.

1   Dated: October 24, 2022                    GAW | POE LLP

2

3                                              By: _____

4                                                  MARK POE

5                                              Attorneys for Plaintiff
                                               Marcelo Muto

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28