# Exhibit B



# PART 19 - PARTIES AND GROUP LITIGATION

## Contents of this Part

| Title | Number |
|---|---|
| Parties – general | Rule 19.1 |
| I ADDITION AND SUBSTITUTION OF PARTIES | |
| Change of parties – general | Rule 19.2 |
| Provisions applicable where two or more persons are jointly entitled to a remedy | Rule 19.3 |
| Procedure for adding and substituting parties | Rule 19.4 |
| Human Rights | Rule 19.4A |
| Special provisions about adding or substituting parties after the end of a relevant limitation period | Rule 19.5 |
| Special rules about parties in claims for wrongful interference with goods | Rule 19.5A |
| II REPRESENTATIVE PARTIES | |
| Representative parties with same interest | Rule 19.6 |
| Representation of interested persons who cannot be ascertained etc. | Rule 19.7 |
| Representation of beneficiaries by trustees etc. | Rule 19.7A |
| Postal Services Act 2000 (c.26) | Rule 19.7B |
| Death | Rule 19.8 |
| Power to make judgements binding on non-parties | Rule 19.8A |
| Derivative claims – how started | Rule 19.9 |
| Derivative claims under Chapter 1 of Part 11 of the Companies Act 2006 – application for permission | Rule 19.9A |
| Derivative claims under Chapter 1 of Part 11 of the Companies Act 2006 – members of companies taking over claims by companies or other members | Rule 19.9B |
| Derivative claims – other bodies corporate and trade unions | Rule 19.9C |

| Derivative claims arising in the course of other proceedings | Rule 19.9D |
| Derivative claims – costs | Rule 19.9E |
| Derivative claims – discontinuance and settlement | Rule 19.9F |
| III GROUP LITIGATION | |
| Definition | Rule 19.10 |
| Group Litigation Order | Rule 19.11 |
| Effect of the GLO | Rule 19.12 |
| Case management | Rule 19.13 |
| Removal from the register | Rule 19.14 |
| Test claims | Rule 19.15 |

## Parties – general

**19.1** ==Any number of claimants or defendants may be joined as parties to a claim.==

Back to top

# I ADDITION AND SUBSTITUTION OF PARTIES

## Change of parties – general

**19.2**

(1) This rule applies where a party is to be added or substituted except where the case falls within rule 19.5 (special provisions about changing parties after the end of a relevant limitation period$^{(GL)}$).

(2) The court may order a person to be added as a new party if –

(a) it is desirable to add the new party so that the court can resolve all the matters in dispute in the proceedings; or

(b) there is an issue involving the new party and an existing party which is connected to the matters in dispute in the proceedings, and it is desirable to add the new party so that the court can resolve that issue.

(3) The court may order any person to cease to be a party if it is not desirable for that person to be a party to the proceedings.

(4) The court may order a new party to be substituted for an existing one if –

(a) the existing party's interest or liability has passed to the new party; and

(b) it is desirable to substitute the new party so that the court can resolve the matters in dispute in the proceedings.

Back to top

# Provisions applicable where two or more persons are jointly entitled to a remedy

**19.3**

(1) Where a claimant claims a remedy to which some other person is jointly entitled with him, all persons jointly entitled to the remedy must be parties unless the court orders otherwise.

(2) If any person does not agree to be a claimant, he must be made a defendant, unless the court orders otherwise.

(3) This rule does not apply in probate proceedings.

Back to top

# Procedure for adding and substituting parties

**19.4**

(1) The court's permission is required to remove, add or substitute a party, unless the claim form has not been served.

(2) An application for permission under paragraph (1) may be made by –

(a) an existing party; or

(b) a person who wishes to become a party.

(3) An application for an order under rule 19.2(4) (substitution of a new party where existing party's interest or liability has passed) –

(a) may be made without notice; and

(b) must be supported by evidence.

(4) Nobody may be added or substituted as a claimant unless –

(a) he has given his consent in writing; and

(b) that consent has been filed with the court.

(4A) The Commissioners for HM Revenue and Customs may be added as a party to proceedings only if they consent in writing.

(5) An order for the removal, addition or substitution of a party must be served on –

(a) all parties to the proceedings; and

(b) any other person affected by the order.

(6) When the court makes an order for the removal, addition or substitution of a party, it may give consequential directions

Case 5:22-cv-02164-SSS-KK   Document 26-2   Filed 03/31/23   Page 5 of 18   Page ID #:415

about –

(a) filing and serving the claim form on any new defendant;

(b) serving relevant documents on the new party; and

(c) the management of the proceedings.

Back to top

# Human Rights

**19.4A** Section 4 of the Human Rights Act 1998

(1) The court may not make a declaration of incompatibility in accordance with section 4 of the Human Rights Act 1998 unless 21 days' notice, or such other period of notice as the court directs, has been given to the Crown.

(2) Where notice has been given to the Crown a Minister, or other person permitted by that Act, shall be joined as a party on giving notice to the court.

(Only courts specified in section 4 of the Human Rights Act 1998 can make a declaration of incompatibility)

Section 9 of the Human Rights Act 1998

(3) Where a claim is made under that Act for damages in respect of a judicial act –

(a) that claim must be set out in the statement of case or the appeal notice; and

(b) notice must be given to the Crown.

(4) Where paragraph (3) applies and the appropriate person has not applied to be joined as a party within 21 days, or such other period as the court directs, after the notice is served, the court may join the appropriate person as a party.

(Practice Direction 19A makes provision for these notices)

Back to top

# Special provisions about adding or substituting parties after the end of a relevant limitation period

**19.5**

(1) This rule applies to a change of parties after the end of a period of limitation under –

(a) the Limitation Act 1980[1];

(b) the Foreign Limitation Periods Act 1984[2]; or

(c) any other enactment which allows such a change, or under which such a change is allowed.

(2) The court may add or substitute a party only if –

(a) the relevant limitation period(GL) was current when the proceedings were started; and

(b) the addition or substitution is necessary.

(3) The addition or substitution of a party is necessary only if the court is satisfied that –

(a) the new party is to be substituted for a party who was named in the claim form in mistake for the new party;

(b) the claim cannot properly be carried on by or against the original party unless the new party is added or substituted as claimant or defendant; or

(c) the original party has died or had a bankruptcy order made against him and his interest or liability has passed to the new party.

(4) In addition, in a claim for personal injuries the court may add or substitute a party where it directs that –

(a)

(i) section 11 (special time limit for claims for personal injuries); or

(ii) section 12 (special time limit for claims under fatal accidents legislation), of the Limitation Act 1980 shall not apply to the claim by or against the new party; or

(b) the issue of whether those sections apply shall be determined at trial.

(Rule 17.4 deals with other changes after the end of a relevant limitation period(GL))

Back to top

## Special rules about parties in claims for wrongful interference with goods

**19.5A**

(1) A claimant in a claim for wrongful interference with goods must, in the particulars of claim, state the name and address of every person who, to his knowledge, has or claims an interest in the goods and who is not a party to the claim.

(2) A defendant to a claim for wrongful interference with goods may apply for a direction that another person be made a party to the claim to establish whether the other person –

(a) has a better right to the goods than the claimant; or

(b) has a claim which might render the defendant doubly liable under section 7 of the Torts (Interference with Goods) Act 1977(a).

(3) Where the person referred to in paragraph (2) fails to attend the hearing of the application, or comply with any directions, the court may order that he is deprived of any claim against the defendant in respect of the goods.

(Rule 3.1(3) provides that the court may make an order subject to conditions)

(4) The application notice must be served on all parties and on the person referred to in paragraph (2).

Back to top

# II REPRESENTATIVE PARTIES

## Representative parties with same interest

**19.6**

(1) Where more than one person has the same interest in a claim –

(a) the claim may be begun; or

(b) the court may order that the claim be continued,

by or against one or more of the persons who have the same interest as representatives of any other persons who have that interest.

(2) The court may direct that a person may not act as a representative.

(3) Any party may apply to the court for an order under paragraph (2).

(4) Unless the court otherwise directs any judgment or order given in a claim in which a party is acting as a representative under this rule –

(a) is binding on all persons represented in the claim; but

(b) may only be enforced by or against a person who is not a party to the claim with the permission of the court.

(5) This rule does not apply to a claim to which rule 19.7 applies.

Back to top

## Representation of interested persons who cannot be ascertained etc.

**19.7**

(1) This rule applies to claims about –

(a) the estate of a deceased person;

(b) property subject to a trust; or

Case 5:22-cv-02164-SSS-KK   Document 26-2   Filed 03/31/23   Page 8 of 18   Page ID #:418

(c) the meaning of a document, including a statute.

(2) The court may make an order appointing a person to represent any other person or persons in the claim where the person or persons to be represented –

(a) are unborn;

(b) cannot be found;

(c) cannot easily be ascertained; or

(d) are a class of persons who have the same interest in a claim and –

(i) one or more members of that class are within sub-paragraphs (a), (b) or (c); or

(ii) to appoint a representative would further the overriding objective.

(3) An application for an order under paragraph (2) –

(a) may be made by –

(i) any person who seeks to be appointed under the order; or

(ii) any party to the claim; and

(b) may be made at any time before or after the claim has started.

(4) An application notice for an order under paragraph (2) must be served on –

(a) all parties to the claim, if the claim has started;

(b) the person sought to be appointed, if that person is not the applicant or a party to the claim; and

(c) any other person as directed by the court.

(5) The court's approval is required to settle a claim in which a party is acting as a representative under this rule.

(6) The court may approve a settlement where it is satisfied that the settlement is for the benefit of all the represented persons.

(7) Unless the court otherwise directs, any judgment or order given in a claim in which a party is acting as a representative under this rule –

(a) is binding on all persons represented in the claim; but

(b) may only be enforced by or against a person who is not a party to the claim with the permission of the court.

Back to top

# Representation of beneficiaries by trustees etc.

**19.7A**

(1) A claim may be brought by or against trustees, executors or administrators in that capacity without adding as parties any persons who have a beneficial interest in the trust or estate ('the beneficiaries').

(2) Any judgment or order given or made in the claim is binding on the beneficiaries unless the court orders otherwise in the same or other proceedings.

Back to top

# Postal Services Act 2000 (c.26)

**19.7B**

(1) An application under section 92 of the Postal Services Act 2000 for permission to bring proceedings in the name of the sender or addressee of a postal packet or his personal representative is made in accordance with Part 8.

(2) A copy of the application notice must be served on the universal service provider and on the person in whose name the applicant seeks to bring the proceedings.

Back to top

# Death

**19.8**

(1) Where a person who had an interest in a claim has died and that person has no personal representative the court may order –

(a) the claim to proceed in the absence of a person representing the estate of the deceased; or

(b) a person to be appointed to represent the estate of the deceased.

(2) Where a defendant against whom a claim could have been brought has died and –

(a) a grant of probate or administration has been made, the claim must be brought against the persons who are the personal representatives of the deceased;

(b) a grant of probate or administration has not been made –

(i) the claim must be brought against 'the estate of' the deceased; and

(ii) the claimant must apply to the court for an order appointing a person to represent the estate of the deceased in the claim.

(3) A claim shall be treated as having been brought against 'the estate of' the deceased in accordance with paragraph (2)

Case 5:22-cv-02164-SSS-KK   Document 20-2   Filed 03/30/23   Page 10 of 18   Page ID #:420

(b)(i) where –

(a) the claim is brought against the 'personal representatives' of the deceased but a grant of probate or administration has not been made; or

(b) the person against whom the claim was brought was dead when the claim was started.

(4) Before making an order under this rule, the court may direct notice of the application to be given to any other person with an interest in the claim.

(5) Where an order has been made under paragraphs (1) or (2)(b)(ii) any judgment or order made or given in the claim is binding on the estate of the deceased.

Back to top

# Power to make judgements binding on non-parties

**19.8A**

(1) This rule applies to any claim relating to –

(a) the estate of a deceased person;

(b) property subject to a trust; or

(c) the sale of any property.

(2) The court may at any time direct that notice of –

(a) the claim; or

(b) any judgment or order given in the claim,

be served on any person who is not a party but who is or may be affected by it.

(3) An application under this rule –

(a) may be made without notice; and

(b) must be supported by written evidence which includes the reasons why the person to be served should be bound by the judgment in the claim.

(4) Unless the court orders otherwise –

(a) a notice of a claim or of a judgment or order under this rule must be –

(i) in the form required by the practice direction;

(ii) issued by the court; and

(iii) accompanied by a form of acknowledgment of service with any necessary modifications;

(b) a notice of a claim must also be accompanied by –

(i) a copy of the claim form; and

(ii) such other statements of case, witness statements or affidavits as the court may direct; and

(c) a notice of a judgment or order must also be accompanied by a copy of the judgment or order.

(5) If a person served with notice of a claim files an acknowledgment of service of the notice within 14 days he will become a party to the claim.

(6) If a person served with notice of a claim does not acknowledge service of the notice he will be bound by any judgment given in the claim as if he were a party.

(7) If, after service of a notice of a claim on a person, the claim form is amended so as substantially to alter the relief claimed, the court may direct that a judgment shall not bind that person unless a further notice, together with a copy of the amended claim form, is served on him.

(8) Any person served with a notice of a judgment or order under this rule –

(a) shall be bound by the judgment or order as if he had been a party to the claim; but

(b) may, provided he acknowledges service –

(i) within 28 days after the notice is served on him, apply to the court to set aside or vary the judgment or order; and

(ii) take part in any proceedings relating to the judgment or order.

(9) The following rules of Part 10 (acknowledgment of service) apply –

(b) rule 10.5, subject to the modification that references to the defendant are to be read as references to the person served with the notice.

(10) A notice under this rule is issued on the date entered on the notice by the court.

Back to top

## Derivative claims – how started

**19.9**

(1) This rule –

(a) applies to a derivative claim (where a company, other body corporate or trade union is alleged to be entitled to claim a remedy, and a claim is made by a member of it for it to be given that remedy), whether under Chapter 1 of Part 11 of the Companies Act 2006[3] or otherwise; but

(b) does not apply to a claim made pursuant to an order under section 996 of that Act.

(2) A derivative claim must be started by a claim form.

(3) The company, body corporate or trade union for the benefit of which a remedy is sought must be made a defendant to the claim.

(4) After the issue of the claim form, the claimant must not take any further step in the proceedings without the permission of the court, other than –

(a) a step permitted or required by rule 19.9A or 19.9C; or

(b) making an urgent application for interim relief.

Back to top

# Derivative claims under Chapter 1 of Part 11 of the Companies Act 2006 – application for permission

**19.9A**

(1) In this rule –

'the Act' means the Companies Act 2006;

'derivative claim' means a derivative claim under Chapter 1 of Part 11 of the Act;

'permission application' means an application referred to in section 261(1), 262(2) or 264(2) of the Act;

'the company' means the company for the benefit of which the derivative claim is brought.

(2) When the claim form for a derivative claim is issued, the claimant must file –

(a) an application notice under Part 23 for permission to continue the claim; and

(b) the written evidence on which the claimant relies in support of the permission application.

(3) The claimant must not make the company a respondent to the permission application.

(4) Subject to paragraph (7), the claimant must notify the company of the claim and permission application by sending to the company as soon as reasonably practicable after the claim form is issued –

(a) a notice in the form set out in Practice Direction 19C, and to which is attached a copy of the provisions of the Act required by that form;

(b) copies of the claim form and the particulars of claim;

(c) the application notice; and

(d) a copy of the evidence filed by the claimant in support of the permission application.

(5) The claimant may send the notice and documents required by paragraph (4) to the company by any method permitted by Part 6 as if the notice and documents were being served on the company.

(6) The claimant must file a witness statement confirming that the claimant has notified the company in accordance with paragraph (4).

(7) Where notifying the company of the permission application would be likely to frustrate some party of the remedy sought, the court may, on application by the claimant, order that the company need not be notified for such period after the issue of the claim form as the court directs.

(8) An application under paragraph (7) may be made without notice.

(9) Where the court dismisses the claimant's permission application without a hearing, the court will notify the claimant and (unless the court orders otherwise) the company of that decision.

(10) The claimant may ask for an oral hearing to reconsider the decision to dismiss the permission application, but the claimant –

(a) must make the request to the court in writing within seven days of being notified of the decision; and

(b) must notify the company in writing, as soon as reasonably practicable, of that request unless the court orders otherwise.

(11) Where the court dismisses the permission application at a hearing pursuant to paragraph (10), it will notify the claimant and the company of its decision.

(12) Where the court does not dismiss the application under section 261(2) of the Act, the court will –

(a) order that the company and any other appropriate party must be made respondents to the permission application; and

(b) give directions for the service on the company and any other appropriate party of the application notice and the claim form.

Back to top

# Derivative claims under Chapter 1 of Part 11 of the Companies Act 2006 – members of companies taking over claims by companies or other members

**19.9B**

(1) This rule applies to proceedings under section 262(1) or 264(1) of the Companies Act 2006.

(2) The application for permission must be made by an application notice in accordance with Part 23.

(3) Rule 19.9A (except for paragraphs (1), (2) and (4)(b) of that rule, and paragraph (12)(b) so far as it applies to the claim form) applies to an application under this rule and references to the claimant in rule 19.9A are to be read as references to

the person who seeks to take over the claim.

Back to top

## Derivative claims – other bodies corporate and trade unions

**19.9C**

(1) This rule sets out the procedure where –

(a) either –

(i) a body corporate to which Chapter 1 of Part 11 of the Companies Act 2006 does not apply; or

(ii) a trade union,

is alleged to be entitled to a remedy; and

(b) either –

(i) a claim is made by a member for it to be given that remedy; or

(ii) a member of the body corporate or trade union seeks to take over a claim already started, by the body corporate or trade union or one or more of its members, for it to be given that remedy.

(2) The member who starts, or seeks to take over, the claim must apply to the court for permission to continue the claim.

(3) The application for permission must be made by an application notice in accordance with Part 23.

(4) The procedure for applications in relation to companies under section 261, 262 or 264 (as the case requires) of the Companies Act 2006 applies to the permission application as if the body corporate or trade union were a company.

(5) Rules 19.9A (except for paragraph (1) of that rule) and 19.9B apply to the permission application as if the body corporate or trade union were a company.

Back to top

## Derivative claims arising in the course of other proceedings

**19.9D**

If a derivative claim (except such a claim in pursuance of an order under section 996 of the Companies Act 2006) arises in the course of other proceedings –

(a) in the case of a derivative claim under Chapter 1 of Part 11 of that Act, rule 19.9A or 19.9B applies, as the case requires; and

(b) in any other case, rule 19.9C applies.

Back to top

## Derivative claims – costs

**19.9E**

The court may order the company, body corporate or trade union for the benefit of which a derivative claim is brought to indemnify the claimant against liability for costs incurred in the permission application or in the derivative claim or both.

Back to top

## Derivative claims – discontinuance and settlement

**19.9F** Where the court has given permission to continue a derivative claim, the court may order that the claim may not be discontinued, settled or compromised without the permission of the court.

Back to top

# III GROUP LITIGATION

## Definition

**19.10** A Group Litigation Order ('GLO') means an order made under rule 19.11 to provide for the case management of claims which give rise to common or related issues of fact or law (the 'GLO issues').

Back to top

## Group Litigation Order

**19.11**

(1) The court may make a GLO where there are or are likely to be a number of claims giving rise to the GLO issues.

(Practice Direction 19B provides the procedure for applying for a GLO)

(2) A GLO must –

(a) contain directions about the establishment of a register (the 'group register') on which the claims managed under the GLO will be entered;

(b) specify the GLO issues which will identify the claims to be managed as a group under the GLO; and

(c) specify the court (the 'management court') which will manage the claims on the group register.

(3) A GLO may –

(a) in relation to claims which raise one or more of the GLO issues –

(i) direct their transfer to the management court;

(ii) order their stay<sup>(GL)</sup> until further order; and

(iii) direct their entry on the group register;

(b) direct that from a specified date claims which raise one or more of the GLO issues should be started in the management court and entered on the group register; and

(c) give directions for publicising the GLO.

Back to top

## Effect of the GLO

**19.12**

(1) Where a judgment or order is given or made in a claim on the group register in relation to one or more GLO issues –

(a) that judgment or order is binding on the parties to all other claims that are on the group register at the time the judgment is given or the order is made unless the court orders otherwise; and

(b) the court may give directions as to the extent to which that judgment or order is binding on the parties to any claim which is subsequently entered on the group register.

(2) Unless paragraph (3) applies, any party who is adversely affected by a judgment or order which is binding on him may seek permission to appeal the order.

(3) A party to a claim which was entered on the group register after a judgment or order which is binding on him was given or made may not –

(a) apply for the judgment or order to be set aside<sup>(GL)</sup>, varied or stayed<sup>(GL)</sup>; or

(b) appeal the judgment or order,

but may apply to the court for an order that the judgment or order is not binding on him.

(4) Unless the court orders otherwise, disclosure of any document relating to the GLO issues by a party to a claim on the group register is disclosure of that document to all parties to claims –

(a) on the group register; and

(b) which are subsequently entered on the group register.

Back to top

## Case management

**19.13** Directions given by the management court may include directions –

(a) varying the GLO issues;

(b) providing for one or more claims on the group register to proceed as test claims;

(c) appointing the solicitor of one or more parties to be the lead solicitor for the claimants or defendants;

(d) specifying the details to be included in a statement of case in order to show that the criteria for entry of the claim on the group register have been met;

(e) specifying a date after which no claim may be added to the group register unless the court gives permission; and

(f) for the entry of any particular claim which meets one or more of the GLO issues on the group register.

(Part 3 contains general provisions about the case management powers of the court)

Back to top

# Removal from the register

**19.14**

(1) A party to a claim entered on the group register may apply to the management court for the claim to be removed from the register.

(2) If the management court orders the claim to be removed from the register it may give directions about the future management of the claim.

Back to top

# Test claims

**19.15**

(1) Where a direction has been given for a claim on the group register to proceed as a test claim and that claim is settled, the management court may order that another claim on the group register be substituted as the test claim.

(2) Where an order is made under paragraph (1), any order made in the test claim before the date of substitution is binding on the substituted claim unless the court orders otherwise.

Back to top

# Footnotes

1. 1980 c.58. Back to text
2. 1984 c.16. Back to text
3. 2006 c. 46. Back to text

Case 5:22-cv-02164-SSS-KK    Document 20-2    Filed 03/30/23    Page 18 of 18    Page ID #:428