Jacob M. Heath (SBN 238959)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401
jheath@orrick.com

Attorneys for Defendants
FENIX INTERNATIONAL LIMITED and
FENIX INTERNET LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO MUTO, NOAH BREEZE, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC,<br><br>Defendants. | CASE NO. 5:22-cv-02164-SSS-KK<br><br>**DEFENDANTS FENIX INTERNATIONAL LIMITED AND FENIX INTERNET LLC'S OPPOSED STIPULATION TO CONTINUE HEARING ON MOTION TO DISMISS**<br><br>Judge:       Hon. Sunshine S. Sykes |

1  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rule 7-1, Defendants Fenix International Ltd. ("FIL") and Fenix Internet LLC ("Fenix Internet") (collectively, "Defendants") respectfully submit this Opposed Stipulation seeking a continuance of the April 28, 2023 noticed hearing date for Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC").

This Opposed Stipulation is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 17, between Jon Direnfeld for Defendants and Mark Poe for Plaintiffs. The conference lasted approximately 15 minutes and discussed the reasons why Defendants believe efficiency counsels in favor of continuing the Motion to Dismiss hearing until after a decision on Defendants' forthcoming Motion to Consolidate. Plaintiffs' counsel refused to agree to any continuance.

As explained in Defendants' Notice of Related Cases, ECF No. 22 (attached as Exhibit A to Jacob M. Heath's Declaration in Support of this Opposed Stipulation), another case—purporting to represent the same class, against the same defendants, asserting the same claims, as this one—was recently removed to this District. *See John Doe 2, et al. v. Fenix Internet LLC, et al.*, No. 23-cv-03005 (C.D. Cal. removed Apr. 20, 2023). Because of the significant overlap between the two cases, Defendants intend to file a motion pursuant to Federal Rule of Civil Procedure 42 to consolidate the two actions, as soon as they are related. *See* Fed. R. Civ. P. 42(a) (giving courts authority to "consolidate the actions" if they "involve a common question of law or fact"); *see also KT Enterprises v. Comp360 LLC*, 2022 WL 18278469, at \*1 (C.D. Cal. 2022) (Sykes, J.) ("Courts often find it appropriate to consolidate two cases when those cases include the same parties and share common questions of law and fact.").

But Defendants' Motion to Dismiss in this action is currently slated to be heard on April 28, 2023—well before the Motion to Consolidate will be fully briefed, much less decided.  Indeed, with the Notice of Related Cases having been served on April 20, 2023, the earliest that the Motion to Consolidate could be heard is May 26, 2023.  *See* L.R. 83-1.3.3 (providing that Plaintiffs have five days after service of the Notice of Related Cases to file an opposition); L.R. 6-1 (providing that a motion will not be heard for at least 28 days after the notice of motion is filed).  That creates a significant risk of wasted judicial and party resources, which would directly undermine the purpose of consolidation.  *See Dusky v. Bellasaire Investments*, 2007 WL 4403985, at *1 (C.D. Cal. 2007) ("The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications.").  For instance, if the Court grants the Motion to Consolidate after hearing (but before ruling on) the Motion to Dismiss, all efforts spent to that point by the Court hearing and considering the Motion to Dismiss will need to be repeated, as consolidation will necessitate the filing of a new, consolidated complaint and a corresponding Motion to Dismiss.  Alternatively, if the Court grants the Motion to Dismiss, it may thwart the Motion to Consolidate—and the attendant efficiency gains.  That is because if the Court dismisses the *Muto* Complaint, there will be no case to consolidate the *Doe* action with, meaning that the *Doe* action will then have to proceed solo through a separate round of Motion to Dismiss briefing and argument, all which will be needlessly duplicative of the briefing and argument on the *Muto* Motion to Dismiss.

Accordingly, to promote the efficient use of both judicial and party resources, Defendants request that the Court continue the hearing on the Motion to Dismiss until after the Motion to Consolidate has been decided.  At that point, if the Court consolidates

the cases (as it should), they can proceed efficiently to a single Motion to Dismiss. But even if the Court keeps the cases separate, all that will be lost is a few weeks in a decision on the *Muto* Motion to Dismiss, which likely will have minimal effect on the overall case schedule or timeliness, especially given the diligence of the parties in litigating the action to this point.

     Accordingly, in order to best promote efficiency and avoid the waste of time and resources by the Court and parties, the Court should continue the hearing on the *Muto* Motion to Dismiss until after it has decided Defendants' forthcoming Motion to Consolidate.

Dated:  April 20, 2023

Respectfully Submitted,

**ORRICK HERRINGTON & SUTCLIFFE LLP**

By: */s/ Jacob M. Heath*
JACOB M. HEATH (SBN 238959)
jheath@orrick.com
1000 Marsh Road
Menlo Park, CA  94025-1015
Tel:  +1 650 614 7400
Fax:  +1 650 614 7401

*Attorneys for Defendants Fenix International Limited and Fenix Internet LLC*