# EXHIBIT A

| | |
|---|---|
| 1 | Jacob M. Heath (SBN 238959) |
| | Orrick, Herrington & Sutcliffe LLP |
| 2 | 1000 Marsh Road |
| | Menlo Park, CA 94025-1015 |
| 3 | Telephone: +1 650 614 7400 |
| | Facsimile: +1 650 614 7401 |
| 4 | jheath@orrick.com |
| 5 | |
| | Attorneys for Defendants |
| 6 | FENIX INTERNATIONAL LIMITED and |
| | FENIX INTERNET LLC. |
| 7 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARCELO MUTO, NOAH BREEZE, and all others similarly situated, | CASE NO. 5:22-cv-02164-SSS-KK |
|---|---|
| Plaintiff, | **DEFENDANTS FENIX INTERNATIONAL LIMITED AND FENIX INTERNET LLC'S NOTICE OF RELATED CASES** |
| v. | |
| FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC, | Judge: Hon. Sunshine S. Sykes |
| Defendants. | |

NOTICE OF RELATED CASES

1    Pursuant to Local Rule 83-1.3, Defendants Fenix International Ltd. ("FIL") and Fenix Internet LLC ("Fenix Internet") hereby provide notice of the related case *John Doe 2, et al. v. Fenix Internet LLC, et al.*, No. 23-cv-03005, currently pending in the Central District of California.

Local Rule 83-1.3 provides that the parties must file a Notice of Related Cases "whenever two or more civil cases filed in this District" among other things "call for determination of the same or substantially related or similar questions of law and fact." That is exactly the case with this action and the *Doe* one, which also names the same entities (FIL and Fenix Internet) as defendants.

Indeed, the gravamen of both actions is that the social media platform OnlyFans, which is owned and operated by FIL, "fail[s] to clearly and conspicuously advise its customers that their initial subscription to a creator will be automatically renewed." *Muto* SAC ¶ 4; *see also Doe* FAC ¶ 1. According to both the *Muto* and *Doe* complaints, this supposedly led the named Plaintiffs in each action to "part with money that they otherwise would not have." *Doe* FAC ¶ 9; *see also Muto* SAC ¶ 55. Both the *Muto* and the *Doe* complaints allege that this supposed failure amounts to a violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; and the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq. See Muto* SAC ¶¶ 42, 50, 57; *Doe* FAC ¶ 10. It is thus clear from the face of the two complaints that the two actions involve identical questions of fact and law, including whether OnlyFans in fact clearly disclosed the terms under which subscriptions would renew, and whether any supposed shortcoming in those disclosures amounts to a violation of the UCL, CLRA, or

FAL.

What is more, the overlap between the two cases also extends well beyond the merits of the two complaints' causes of actions. Both cases, for instance, will involve the critical question of whether a forum-selection clause in the OnlyFans Terms of Service requires the two actions to be brought in the courts of England and Wales. As Defendants' pending Motion to Dismiss in the *Muto* action explains, an individual who seeks to purchase a subscription to content on OnlyFans—including the named Plaintiffs in both cases—cannot do so without agreeing to the OnlyFans Terms of Service, including its forum-selection clause. *See Muto* Motion to Dismiss, ECF No. 16, § IV.A. And so both cases will turn dispositively on the same question of whether that forum-selection clause governs and is enforceable. Similarly, both the *Muto* and *Doe* actions will turn on the same question of whether FIL and Fenix Internet—neither of which is domiciled in California—can be subject to personal jurisdiction in this state. *See Muto* Motion to Dismiss, ECF No. 16, § IV.B. Additionally, both the *Muto* and *Doe* complaints seek to represent the same class (albeit expressed in slightly different terms)—namely "[a]ll individuals in California who subscribed to" content on OnlyFans and were "subsequently assessed an automatic renewal fee" during a period of time before the filing of the complaints. *Muto* SAC ¶ 35; *Doe* FAC § 127—and so questions of class certification will also be the same across the two actions.

Precisely because of the significant overlap—both factual and legal—between the two actions, the two cases "would entail substantial duplication of labor if [they were] heard by different judges." L.R. 83-1.3. Accordingly, the two actions should be treated as related.

| | | |
|---|---|---|
| 1 | Dated: April 20, 2023 | Respectfully Submitted, |
| 2 | | **ORRICK HERRINGTON & SUTCLIFFE LLP** |
| 3 | | |
| 4 | | By: */s/ Jacob M. Heath*<br>JACOB M. HEATH (SBN 238959) |
| 5 | | jheath@orrick.com<br>1000 Marsh Road |
| 6 | | Menlo Park, CA 94025-1015<br>Tel: +1 650 614 7400 |
| 7 | | Fax: +1 650 614 7401 |
| 8 | | *Attorneys for Defendants Fenix International Limited and Fenix Internet LLC* |