1  MARK W. POE (BAR NO. 223714)
    mpoe@gawpoe.com
2  VICTOR MENG (BAR NO. 254102)
    vmeng@gawpoe.com
3  FLORA VIGO (BAR NO. 239643)
    fvigo@gawpoe.com
4  GAW | POE LLP
   4 Embarcadero, Suite 1400
5  San Francisco, CA  94111
   Telephone:   415-766-7451
6

7

8  Attorneys for Plaintiffs

9

10

11  **UNITED STATES DISTRICT COURT**

12  **CENTRAL DISTRICT OF CALIFORNIA**

13

| MARCELO MUTO, NOAH BREEZE, and all others similarly situated, | Case No.: 5:22-cv-02164-SSS-KK |
|---|---|
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' "OPPOSED STIPULATION" TO CONTINUE APRIL 28 HEARING DATE ON DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC, | Judge:       Hon. Sunshine S. Sykes |
| Defendants. | Courtroom:  Courtroom 2 |
| | Date: |
| | Time: |

Plaintiffs Marcelo Muto and Noah Breeze herein respond to the filing made on April 20 by Defendants Fenix International Limited and Fenix Internet LLC (together, "Fenix"). Plaintiffs respectfully suggest that the filing either be stricken as an improper motion under Local Rule 7-12, or ignored.

In slightly over twenty years of federal practice in California, this is the first time that the undersigned has seen a filing styled as an "opposed stipulation." After all, what is an "opposed stipulation" if not a "motion"? Under the Local Rules, a "motion" is the vehicle by which a party is to obtain "the relief or Court action the movant seeks." L.R. 7-4. And motions for Court action come with a number of procedural steps, like a conference of counsel held seven days before filing, L.R. 7-3, 28 days' notice of the associated hearing, etc. *See* L.R. 7-5 to 7-11.

Fenix—though represented by skilled counsel—ignores all of these procedural requirements, in service of requesting that the April 28 hearing date on its motion to dismiss be "continued" on the grounds that at some point in the future, it intends to file a motion to consolidate this case with another similar case that was recently removed to this District (but which at this point has not even been assigned to this Court). Defendants' "opposed stipulation" purports to offer some "efficiencies" that will supposedly be gained if the Court kicks the can down the road for a couple of months, instead of just ruling on the existing fully briefed motion as to whether Fenix International is subject to personal jurisdiction in the state of California. *See* Opposed Stip. at 2. But the purported efficiencies do not make sense—whichever way the Court rules at or on the heels of the April 28 hearing will establish whether Fenix International is subject to jurisdiction, and that will be that.

Assuming that the Court has already reviewed the briefing on Fenix's motion, the *real* reason why it wants to take the April 28 hearing off calendar will be obvious—all of Fenix's jurisdictional arguments (and all of the cases it relies on) are directed at the wrong jurisdictional standard; Fenix argues that it is not subject to personal jurisdiction because its actions were not "purposefully directed" at

1

California, when the controlling standard for contract-related causes of action is only whether the defendant "purposefully availed" itself of the benefits of doing business in California. *See* Pls.' Opp. to Mot. to Dismiss at 12-14 (ECF No. 19). Realizing that its arguments are framed under the wrong standard, it seems that the real reason Fenix wants to "continue" the hearing is so that it can get a second crack at the briefing.

This is an important issue that Fenix's "opposed stipulation" fails to be clear about. It facially asks only that the hearing be "continued," but in the substance of the filing it explains that its intention is to first have the two class actions consolidated, and then file a new and *different* motion to dismiss the then-consolidated case. *See* Opposed Stip. at 2.

This case was first removed to this Court way back in December 2022, and Plaintiffs' Second Amended Complaint has been on file since January 17. ECF Nos. 3, 14. There is no good cause to take the April 28 hearing off calendar, which would obviate all of the work that Plaintiffs' counsel put into preparing their opposition papers, and delay even the Rule 26(f) conference for many more months. Federal Rule of Civil Procedure 1 encourages "the just, speedy, and inexpensive determination of every action," but the relief Fenix seeks via its "opposed stipulation" would do precisely the opposite.

Dated: April 20, 2023                                GAW | POE LLP

By:  s/ *Mark Poe*
Mark Poe
Attorneys for Plaintiffs

- 2 -