Caleb Marker (SBN 269721)
ZIMMERMAN REED LLP
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
caleb.marker@zimmreed.com

Hart L. Robinovitch (*pro hac vice*)
ZIMMERMAN REED LLP
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Tel: (480) 348-6400
Fax: (480) 348-6415
hart.robinvotich@zimmreed.com

Zachary J. Freese (*pro hac vice*)
ZIMMERMAN REED LLP
80 S. South 8th Street, Suite 1100
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
zachary.freese@zimmreed.com

Attorneys for John Doe 1 and John Doe 2

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCELO MUTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC,<br><br>Defendants. | Case No. 5:22-cv-02164-SSS-KK<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION TO PROCEED ANONYMOUSLY, MEMORANDUM IN SUPPORT, AND REQUEST TO FILE DECLARATIONS UNDER SEAL**<br><br>Judge:   Hon. Sunshine S. Sykes<br>Date:    September 15, 2023<br>Time:    2:00 pm<br>Courtroom: Courtroom 2 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 15, 2023, in Courtroom 2, before Judge Sunshine S. Sykes of the United States District Court for the Central District of California, Plaintiffs John Doe 1 ("Doe 1") and John Doe 2 ("Doe 2") will move this court for an order permitting them to proceed anonymously in this matter against Defendants Fenix International Limited and Fenix Internet, LLC ("Defendants") using only pseudonyms, Doe 1 and Doe 2.

On August 7, 2023, at 10:30 AM central time / 8:30 AM Pacific, counsel for the parties met and conferred on this motion. Counsel for Plaintiffs included Zachary Freese and Killian Commers. Counsel for Defendants included Jonathan Direnfeld and Thomas Fu. Pursuant to the meet and confer process, counsel for the parties reached agreement on several matters pertaining to this motion, but Defendant reserved certain rights.

This motion is based on this Notice of Motion and Motion to Proceed Anonymously, the supporting memorandum, all pleadings and records in this matter, and any other arguments and evidence presented to this Court at or before the hearing on this motion.

Respectfully submitted,

ZIMMERMAN REED LLP

Date: August 24, 2023     By:   /s/ Caleb Marker
                                Caleb Marker
                                6420 Wilshire Blvd., Suite 1080
                                Los Angeles, CA 90048
                                Tel: (877) 500-8780
                                Fax: (877) 500-8781
                                caleb.marker@zimmreed.com

                                Hart L. Robinovitch (*pro hac vice*)
                                14648 N. Scottsdale Road, Suite 130
                                Scottsdale, AZ 85254
                                Tel: (480) 348-6400
                                Fax: (480) 348-6415
                                hart.robinvotich@zimmreed.com

                                Zachary J. Freese (*pro hac vice*)
                                80 S. South 8th Street, Suite 1100
                                Minneapolis, MN 55402
                                Tel: (612) 341-0400

Fax: (612) 341-0844
zachary.freese@zimmreed.com

*Attorneys for John Doe 1 and John Doe 2*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## I.     INTRODUCTION

Pursuant to the principals set forth in *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), to protect their privacy and guard against disclosure of certain potentially embarrassing and sensitive information, Plaintiffs John Doe 1 and John Doe 2 ("Plaintiffs") initially filed this action using fictitious names. Those Plaintiffs now move the court for permission to allow them to proceed anonymously for the following reasons:

*First*, Plaintiffs wish to preserve their right to privacy, as there is a social stigma surrounding public disclosure of the use of the "OnlyFans" platform operated by Defendants Fenix International Limited and Fenix Internet, LLC ("Defendants"), due to the general nature of the adult or otherwise private content published on the website or application and accessed. There is a strong precedent for courts to allow plaintiffs in a civil action to proceed anonymously when nondisclosure is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. There have been documented instances of OnlyFans users being subjected to unwarranted contact or media exposure. Plaintiffs should be allowed to preserve their right to privacy while pursuing their claims under California state statute. Notably, courts in other matters have allowed plaintiffs to move forward anonymously in suits against Fenix and OnlyFans. *See, e.g.*, *Doe v. Fenix Internet LLC*, No. 1:21-cv-6624 (N.D. Ill., filed Dec. 10, 2021).

*Second,* there is no prejudice to Defendants in allowing Plaintiffs to move forward using fictitious names. Shortly after filing this action, Plaintiffs' counsel provided the identities of Doe 1 and Doe 2 to Defendants' counsel so it could defend any claims. For many of the same reasons, Defendants themselves, in the routine course of business, allows both users and content providers on the OnlyFans platform to use pseudonyms or nicknames instead of publishing their true legal names when using the site. Defendants possess the requisite information to properly contest Plaintiffs claims, including all information associated with each account.

*Third,* there is no harm to public interest in allowing Plaintiffs to proceed anonymously. Concealing Plaintiffs' identities will in no way affect the public's ability to monitor this matter and scrutinize the legal issues involved in the case. However, allowing Plaintiffs to conceal their identities will protect Plaintiffs from possible harassment or personal embarrassment involved with disclosing their use of the OnlyFans platform. This will also ensure the most vigorous prosecution of this case for the benefit of the absent class members as otherwise, if required to proceed only using their legal names, the Doe Plaintiffs may be reluctant to proceed to the detriment of the class.  As one of the primary remedies sought in this case is injunctive relief, sought for the benefit of other users, such claims should be encouraged to vindicate those persons' legal rights, not discouraged.  Allowing the Doe Plaintiffs, who may have viewed sensitive and potentially embarrassing material on the OnlyFans platform, to proceed as representative plaintiffs on common claims helps further these policies, while prejudicing no one.

Applying the relevant case law, an anonymous proceeding is appropriate in this matter challenging Defendants' auto-renewal practices, including ongoing and continuing violations of California state law.

## II.   RELEVANT FACTUAL BACKGROUND

Plaintiffs John Doe 1 and John Doe 2 (the "*Doe* Plaintiffs") filed their Class Action Complaint against Defendants in Los Angeles County Superior Court on June 1, 2023. The *Doe* case was removed to this District on April 20, 2023, *See Doe, et al. v. Fenix Internet LLC, et al.*, No. 2:23-cv-03005-SSS-KK, (C.D. Cal. Apr. 20, 2023). Thereafter, the *Doe* action was consolidated with *Muto, et al. v. Fenix International Limited, et al.*, Case No. 5:22-cv-02164-SSS-KK ("*Muto*") and a consolidated complaint was filed.

Doe 1 and Doe 2's appearance as anonymous plaintiffs in their initial complaint was proper and that remains so. "California courts have affirmed the ability to proceed as a pseudonymous plaintiff under circumstances in which privacy rights are implicated." *Doe v. Superior Court*, 3 Cal. App. 915, 919 (2016) "The judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the

rapidity and ubiquity of disclosures over the World Wide Web." *Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436, 1452, n. 7 (2008). As shown below, Plaintiffs Doe 1 and Doe 2 should be permitted to continue anonymously in this federal court proceeding.

### III. ARGUMENT

#### A. Applicable Legal Standard.

In general, a plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, and [Federal Rules of Civil Procedure] 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Advanced Textile Corp.*, 214 F.3d at 1067 (citations omitted) (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)); *see also Roe v. Yasiel Puig*, 2021 WL 2497927 (C.D. Cal. May 17, 2021). However, "parties [may] use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1067-68 (internal quotation marks and alterations omitted). Courts have permitted plaintiffs to proceed anonymously when: (1) "identification creates a risk of retaliatory physical or mental harm": (2) "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and (3) "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (internal quotation marks omitted). To determine whether a party should be permitted to use a pseudonym, a court must determine whether, in the context of the specific stage of the proceedings, "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* ("The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice."). Therefore, the Ninth Circuit determined, in *Advanced Textile*, that the use of a balancing test is appropriate to weigh the need for anonymity against the general presumption that litigants' identities are public information and the risk of

prejudice to the opposing party. *Id.* at 1068. As shown below, the standard is satisfied here and Plaintiffs Doe 1 and Doe 2's request to proceed anonymously is appropriately granted here.

**B.  A Balancing of Applicable Factors Shows that Plaintiffs Doe 1 and Doe 2 Should Be Permitted to Proceed Anonymously.**

    **1.  Anonymity is Necessary to Protect Plaintiffs' Identities Considering the Highly Sensitive and Personal Nature of the Case and Use of the OnlyFans Platform.**

As shown above, courts have permitted parties to proceed using pseudonyms when nondisclosure "is necessary… to protect a person from harassment, injury, ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1067-68 (citing *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). The court noted that proceeding under pseudonyms is generally permissible in three types of situations: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when identification is necessary to preserve privacy in a matter of sensitive and highly personal nature and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (internal citations omitted).

Here, the second factor is satisfied as concealment of Plaintiffs Doe 1and Doe 2's identities are necessary to preserve their privacy considering the highly sensitive and personal nature of the case given their prior use of the OnlyFans platform to access what many would consider private and potentially embarrassing material. While a variety of celebrities publish content on the platform to connect with their fans, it is well known that many people who work in the adult entertainment industry also publish content of a sensitive and adult nature on the platform.[1] Additionally, the OnlyFans platform has faced

---

[1] *See, e.g.*, Joshua Espinoza, *OnlyFans Explained: What You Need to Know About the NSFW Site*, COMPLEX (Apr. 4, 2023), https://www.complex.com/life/a/joshua-espinoza/what-is-onlyfans-explainer, ("Over the course of the pandemic, as platforms like Instagram cracked down on demon time, OnlyFans became the center for all things adult—and more…. Launched in 2016, OnlyFans is a subscription-based social media platform where users can sell and/or purchase original content. When utilized as an adult

4
MEM. OF POINTS AND AUTHORITIES ISO MOTION TO PROCEED ANONYMOUSLY

1  increased scrutiny by law enforcement, policymakers, and the media for evidence of
2  harassment, doxing, cyberstalking, and image-based sexual abuse.[2] While OnlyFans has
3  introduced various efforts to protect platform users and combat this unauthorized
4  behavior, it is essential that the platform allow users sensitive to these risks to maintain
5  anonymity to effectively combat many of these issues.  The same concerns apply should
6  users, like Plaintiffs Does 1 and Doe 2, who seek to step forward to vindicate and protect
7  the legal rights of similarly situated consumers.  While some consumers of the Only Fans
8  platform (including the two other Plaintiffs) may not be as concerned by these issues,
9  Doe 1 and Doe 2 are more sensitive to these risks and therefore, appropriately seek
10 permission to appear anonymously to protect their rights and those of the putative class.

11       Further, use of the OnlyFans platform has led to scrutiny of certain individual
12 users. For example, one user's family was "destroyed" after a family member took issue
13 with something she posted on the OnlyFans platform.[3] Other instances include the New
14 York Post outing a local paramedic who participated on the platform as a creator. The
15 individual was a private citizen whose actions were of no great public interest, however,
16 the Post's publication of her personally identifiable information including her legal name,
17 pictures, and social media handles created unwarranted and undesired public attention.[4]
18 Another content creator reported "fans" showing up impromptu at her front door.[5]
19 Opening up Plaintiffs Doe 1 and Doe 2 to possible familial or societal scrutiny simply for

---

site, users will post NSFW videos and photos to their accounts, which are protected by a paywall. To gain access to the content, an individual must pay a monthly subscription fee that ranges anywhere between $4.99 and $49.99.")(Declaration of Hart Robinovitch (hereinafter "HLR Decl.), Ex. A).

[2] *OnlyFans: Mainstream Contributors to Sexual Exploitation,* NAT'L CTR. ON SEXUAL EXPLOITATION, (last visited Aug. 23, 2023), https://endsexualexploitation.org/onlyfans (HLR Decl., Ex. B.).

[3] Charlotte Shane, *OnlyFans Isn't Just Porn ;)*, N.Y. TIMES MAG. (Sept. 28, 2021), https://www.nytimes.com/2021/05/18/magazine/onlyfans-porn.html (HLR Decl., Ex. C.).

[4] *Id.*

[5] *Id.*

attempting to enforce rights granted by California law is unreasonable when it its able to be avoided through anonymous proceedings, while not creating any added burdens or prejudices to Defendants, the Class or the public.

### 2. Courts Have Allowed Plaintiffs to Proceed Anonymously in Cases Involving Ridicule, Personal Embarrassment, or Social Stigmatization.

Courts have allowed plaintiffs to move forward anonymously against OnlyFans and Fenix International, Inc. *See e.g., Doe v. Fenix Internet, LLC,* No. 1:21-cv-06624 (N.D. Ill. filed Dec. 10, 2021). Social stigmatization is among the most compelling reasons for permitting anonymity. *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (allowing nude dancers to proceed anonymously in a class action due to the risk of negative social stigmatization that may result from disclosure of their identities). As the court explained in *SFBSC Management*:

> This district has thus considered "social stigmatization" among the "most compelling" reasons for permitting anonymity. This is consistent with the Ninth Circuit's instruction in *Advanced Textile* that anonymity is permitted where the subject matter of a case is "sensitive and highly personal," and where disclosing a party's identity threatens to subject them to "harassment, ... ridicule or personal embarrassment."

77 F. Supp. 3d at 994 (quoting *Advanced Textile*, 214 F.3d at 1067–68).

Courts have also found that allegations involving "the area of human sexuality" warrant protecting a plaintiff's identity. *See SFBSC Mgmt.*, 77 F. Supp. 3d at 994 ("This case moreover falls into what may be roughly called the area of human sexuality. As SFBSC recognizes (*see* ECF No. 19 at 4–5), courts have often allowed parties to use pseudonyms when a case involves topics in this 'sensitive and highly personal' area"). While this can apply, as in *SFBSC Mgmt*, to providers of such services, the stigma, risks and concerns can apply equally to consumers. Further, if revealing plaintiffs' identities would result in possible mental or emotional harm, stress or other types of retaliation, including community retaliation, courts have permitted plaintiffs to proceed anonymously. *See Doe 1 v. Nat'l Collegiate Athletic Ass'n,* No. 22-cv-01559-LB, 2022 WL 3974098 (N.D. Cal. Aug. 30, 2022). Allegations involving sensitive topics such as plaintiffs' sexuality justify a request to proceed anonymously. *Id.* at *2; *see also Fleites,*

*et al., v. MindGeek, et al.,* No. 21-cv-04920-CJC, 2021 WL 2766886 (C.D. Cal. Jun. 28, 2021); *J.C., v. Choice Hotels International, Inc. et al.*, No. 20-cv-00155-WHO, 2021 WL 1146406 (N.D. Cal. Mar. 4, 2021).

Here, Plaintiffs' allegations relate to the use of an online platform that contains highly sensitive material resulting in likely social stigmatization. These allegations fall within "the area of human sexuality" and therefore warrant anonymity. Revelation of Plaintiffs Doe 1 and Doe 2's personal information and identities would likely result in social stigmatization and possible community retaliation if certain contacts they have were made aware (*e.g.*, family, work associates, potential employers). As such, Plaintiffs Doe 1 and Doe 2 should be allowed to proceed anonymously. Again, it should be noted that the Doe Plaintiffs here came forward to serve as class representatives for the benefit of members of the absent members of the putative class. Doing so should not carry the added risks, burdens, and costs associated with disclosure of their identities to the public, many of whom may frown on the type of content published on the Only Fans platform and users who elect to view it in private settings.

### 3. Defendants Are Not Prejudiced By Allowing Plaintiffs To Proceed Anonymously

There is no prejudice to Defendants in allowing Plaintiffs to utilize a pseudonym in this matter.[6] In the ordinary course of business, Defendants allow users to provide fictitious usernames and utilize other methods of identity concealment on the OnlyFans platform.[7] OnlyFans states that it shares personal data with third parties only to ensure safety of OnlyFans users and as required by law.[8] These safeguards allow users to operate anonymously on a platform that potentially has an attached social stigma associated with

---

[6] During the meet and confer process no prejudice was identified by Defendants from the request to have Doe 1 and Doe 2 proceed anonymously.

[7] While there are requirements to disclose your bank account and legal name to OnlyFans when signing up to the platform, users and content creators can keep their identity secret unless they prefer to show it.

[8] *Respecting Your Privacy*, ONLY FANS, https://onlyfans.com/transparency-center/privacy (last visited Aug. 23, 2023).

7
MEM. OF POINTS AND AUTHORITIES ISO MOTION TO PROCEED ANONYMOUSLY

its use.

Very shortly after Doe 1 and Doe filed their claims, Defendants were made aware of Doe 1 and Doe 2's identification by their counsel, allowing them to prepare their defenses in the same manner they would had Plaintiffs' legal names appeared on the Complaint. In this regard, any risk of prejudice was alleviated. *See, e.g.*, *SFBSC Mgmt.*, 77 F. Supp. 3d at 995 (quoting *Advanced Textile*, 214 F.3d at 1069 n.11) ("'[W]hatever knowledge defendants have of plaintiffs' identifies ... lessens their claims to be prejudiced by the use of pseudonyms.'… The present plaintiffs have given SFBSC their real names (under the confidentiality terms of the protective order entered in this case). This answers both of SFBSC's concerns.").

Moving forward, Doe 1 and Doe 2 will comply with any court order, including an appropriate protective order, so as to satisfy any due process concerns. As such, Defendants are in no manner prejudiced if Plaintiffs are allowed to proceed anonymously—Defendants are already aware of Doe 1 and Doe 2's true identities, allowing them to prepare any necessary defenses they may have for trial without delay. This case involves statutory violations that apply broadly to members of the general public of California. All Plaintiffs Doe 1 and Doe 2 seek is to remain anonymous to members of the public having no direct interest in these proceedings. Likewise, in terms of serving as a class representative, absent class members' interest is confined to nature and character of Doe 1 and Doe 2's common transactions and dealings with Defendants' platform, not their personal identities. That same information can be presented in a manner that protects all interested parties' rights, with the actual identities of Doe 1 and Doe 2 being maintained in an anonymous manner.

### 4. The Public Interest Is Not Harmed By Allowing Plaintiffs To Proceed Anonymously

An action that may chill a party's willingness to litigate violations of statutes is generally considered against public policy. *A.B.T. v. U.S. Citizenship & Immigration Srvs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. Jul. 20, 2012).

Permitting the use of a pseudonym therefore serves the public's "interest in seeing this case decided on the merits." *Advanced Textile,* 214 F.3d at 1073. As the Ninth Circuit has explained:

> The public also has an interest in seeing this case decided on the merits. Employee suits to enforce their statutory rights benefit the general public. Moreover, as the Supreme Court has recognized, fear of employer reprisals will frequently chill employees' willingness to challenge employers' violations of their rights. Thus, permitting plaintiffs' to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward.

214 F.3d at 1073 (internal citations omitted).

Therefore, "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them…[and] [t]he assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Doe v. Stegall*, 655 F.2d 180, 185 (5th Cir. 1981).

The public interest will not be harmed by allowing Plaintiffs Doe 1 and Doe 2 to proceed anonymously in this matter. Concealing Plaintiffs' legal names in no way affects the public's ability to monitor this matter and scrutinize any legal issues. Similarly, the general public of California has an interest in seeing this matter decided on the merits. In contrast, should Doe 1 and Doe 2 not be permitted to proceed anonymously, it would likely have a detrimental effect on the Class and public as it will create additional burdens that likely hinder their ability to proceed and help vindicate consumers' rights which are alleged to have been violated. As such, a balancing of all applicable factors weighs in favor of allowing Plaintiffs Doe 1 and Doe 2 to be permitted to proceed anonymously.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiffs Doe 1 and Doe 2 respectfully request that this Court enter an order allowing them to proceed anonymously in this matter, using only pseudonyms.

Respectfully submitted,

ZIMMERMAN REED LLP

| | | |
|---|---|---|
| Date: August 24, 2023 | By: | /s/ Caleb Marker |

                                  Caleb Marker
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
Fax: (877) 500-8781
caleb.marker@zimmreed.com

Hart L. Robinovitch (*pro hac vice*)
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Tel: (480) 348-6400
Fax: (480) 348-6415
hart.robinvotich@zimmreed.com

Zachary J. Freese (*pro hac vice*)
80 S. South 8th Street, Suite 1100
Minneapolis, MN 55402
Tel: (612) 341-0400
Fax: (612) 341-0844
zachary.freese@zimmreed.com

*Attorneys for John Doe 1 and John Doe 2*

MEM. OF POINTS AND AUTHORITIES ISO MOTION TO PROCEED ANONYMOUSLY