**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCELO MUTO and all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>FENIX INTERNATIONAL LIMITED and FENIX INTERNET LLC,<br>                    Defendants. | Case No. 5:22-cv-02164-SSS-DTBx<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [Dkt. 35] AND DENYING AS MOOT PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY [Dkt. 50] AND DEFENDANTS' MOTION TO SEAL [Dkt. 36]** |

1     Before the Court is the motion to dismiss filed jointly by Defendants Fenix International Limited ("FIL") and Fenix Internet LLC ("Fenix Internet"). [Mot. (Dkt. 35)].  The motion is fully briefed [Opp. (Dkt. 41); Reply (Dkt. 48)] and was taken under submission without a hearing.

    Also before the Court are Defendants' motion to seal [Dkt. 36] and Plaintiffs' motion to proceed anonymously [Dkt. 50; *see also* Dkt. 52 (Defs.' Response); Dkt. 53 (Pls.' Reply)].

    For the reasons set forth below, the motion to dismiss is **GRANTED**.

    Defendants' motion to seal [Dkt. 36] and Plaintiffs' motion to proceed anonymously [Dkt. 50] are **DENIED AS MOOT**.

## I.     BACKGROUND

    Defendant FIL owns and operates OnlyFans, a "social media and creation platform through which consumers [subscribe]… to original content uploaded by [OnlyFans] creators." [Cons. Compl. (Dkt. 34) at ¶¶ 2, 3].  Defendant Fenix Internet is a wholly owned subsidiary of FIL. [Cons. Compl. at ¶ 4].[1]

    Plaintiffs are four California residents, each of whom purchased a subscription to one or more OnlyFans creators between February 2021 and December 2022.  Thereafter, they were charged automatically for monthly renewals of those subscriptions.  Plaintiffs allege that Defendants violated California's Automatic Renewal Law by failing to provide (1) adequate notice

---

[1] Defendant FIL is a private, limited company registered under the laws of the United Kingdom and Hong Kong, with its principal place of business in the United Kingdom.  Defendant Fenix Internet is a limited liability company incorporated in Delaware and headquartered in Florida. [Cons. Compl. at ¶¶ 18, 19].

of OnlyFans' automatic subscription renewal policy and (2) appropriate subscription cancellation options. Cal. Bus. & Prof. Code § 17600 *et seq*. [Cons. Compl. at ¶¶ 77-100]. Plaintiffs seek to represent themselves and a putative class of similarly situated California consumers.

## II.  THE AUTOMATIC RENEWAL LAW

California's Automatic Renewal Law ("ARL") codifies the legislature's intent "to end the practice of ongoing charging of consumer credit or debit cards or third-party payment accounts without the consumers' explicit consent." *King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856, 867-68 (N.D. Cal. 2019), citing Cal. Bus. & Prof. Code § 17600.

To that end, Section 17602(a) of the statute requires every business offering products or services in California to present automatic renewal offer terms in a "clear and conspicuous manner" in "visual proximity…to the request for consent to the offer." Cal. Bus. & Prof. Code §17602(a)(1). The statute defines a "clear and conspicuous" notice as one presented "in larger type than the surrounding text," or "in contrasting type, font, or color to the surrounding text of the same size," or that is "set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code §17601.

A business must also provide the consumer with an "acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code § 17602(a)(2)-(3).

Section 17602(d) requires that "any business that allows a consumer to accept an automatic renewal or continuous service offer online" must "allow a consumer to terminate [that] service exclusively online, at will" through either a " prominently located direct link or button… within the customer account or

profile" or "an immediately accessible termination email formatted and provided by the business that a consumer can send to the business without additional information."

The ARL does not itself provide a private right of action. *Mayron v. Google LLC*, 269 Cal. Rptr. 3d 86, 88-91 (2020). However, a "consumer who has been harmed by a violation of the ARL may bring a claim pursuant to other [California] consumer protection statutes, including the FAL [False Advertising Law], CLRA [Consumer Legal Remedies Act], and UCL [Unfair Competition Law]." *Arnold v. Hearst Mag. Media, Inc.*, No. 19-1969, 2021 WL 488343 at *6 (S.D. Cal. Feb. 10, 2021); *see also Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 677 (9th Cir. 2018).

Plaintiffs rely on the UCL, which prohibits any "unlawful, unfair, or fraudulent business practice." Cal. Bus. & Prof. Code § 17200. The UCL "thereby 'borrows' violations from other laws by making them independently actionable as unfair competitive practices." *AT & T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1107 n.1 (9th Cir. 2013). Plaintiffs allege that Defendants' failures to comply with the ARL's requirements constitute unlawful business practices under California law. [Cons. Compl. at ¶¶ 113-116].

### III. MOTION TO DISMISS

Defendants argue that Plaintiffs' suit should be dismissed either (1) because the forum selection clause contained in OnlyFans' Terms of Service requires that this matter be litigated in the United Kingdom,[2] (2) because this

---

[2] Defendants, appropriately, rely on the doctrine of forum non convenien as grounds for dismissal pursuant to a forum selection clause that purports to require litigation in a foreign country. *In re Facebook, Inc. S'holder Derivative*

Court lacks personal jurisdiction over the Defendants, or (3) because Plaintiffs lack standing to pursue their claims. Separately, Fenix Internet also contends that Plaintiffs have failed to state a claim against it.

The Court finds that the forum selection clause is unenforceable, but that it lacks personal jurisdiction over Defendants with respect to Plaintiffs' ARL claims. Because the jurisdictional defect alone requires dismissal, the Court does not reach the other arguments advanced by Defendants in their motion.

## A. Enforceability of the Forum Selection Clause

### i. Legal Standard

A forum selection clause is prima facie valid unless the party challenging the provision can show it is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Such a clause may be deemed unreasonable if "the inclusion of the clause in the agreement was the product of fraud or overreaching," if "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced," or "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007), quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004).

To determine the public policy of a state, a federal court considers 'the Constitution, laws, and judicial decisions of that state, and as well the applicable principles of the common law." *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1156 (9th Cir. 2015). No bright-line rules govern this analysis. *See Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*, 889 F. Supp. 2d 1198,

---

*Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019), citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 61 (2013).

1216 (E.D. Cal. 2012). It is clear, however, that the policy must be a "substantial" one. *See Brack v. Omni Loan Co*., 164 Cal. App. 4th 1312, 1323 (2008).

### ii. Discussion

Defendants seek to rely on a forum selection clause included in the OnlyFans Terms of Service stating that any claim "which [the consumer has] … arising out of or in connection with [OnlyFans] or [the consumer's] use of OnlyFans … must be brought in the courts of England and Wales." [Mot. at 14; Taylor Decl. (Dkt. 35-1) and Exhs. A-D]. Defendants contend that the clause precludes Plaintiffs from pursuing this litigation in any American forum.

Plaintiffs argue, in part, that the forum selection clause is void because its enforcement would violate California's fundamental public policy favoring consumer class actions in cases like this one. Defendants maintain that California has no such policy. They also assert that even if it did, enforcement of the clause would not contravene the policy because procedures equivalent to the American class action are available to claimants in courts of the United Kingdom. The Court disagrees, finding that California's strong state policy regarding consumer class actions is implicated by this case and that this policy would be wholly undermined if Plaintiffs were required to litigate in Defendants' proposed forum.

First, California's courts have made clear that it is the "fundamental policy" of this state to ensure that its citizens have a "viable forum in which to recover minor amounts of money allegedly obtained in violation of the UCL." *Aral v. Earthlink, Inc*., 134 Cal. App. 4th 544, 564 (2005). In consumer litigation where each individual's damages may be small, but where "[a] company which wrongfully extracts a dollar from each of millions of customers will reap a handsome profit," the class action device "is often the only effective way to halt and redress such exploitation." *Omstead v. Dell*, Inc., 533 F. Supp.

1  2d 1012, 1016-17 (N.D. Cal. 2008).  California policy therefore dictates that, in
2  such cases, the fact that transfer the defendant's chosen forum would render
3  class action relief unavailable is "sufficient in and by itself to preclude
4  enforcement of [a] forum selection clause." *Am. Online, Inc. v. Superior Ct.*, 90
5  Cal. App. 4th 1, 108 Cal. Rptr. 2d 699, 712 (2001).

6  　　　　Plaintiffs' allegations indicate that this is precisely the kind of consumer
7  case for which California has found access to class remedies to be particularly
8  important.  Plaintiffs and the putative class members describe individual
9  damages equal to the monthly subscription fees that they were improperly
10 charged.  The monthly fees cited in the complaint range from about five dollars
11 to about fifty dollars – figures small enough that it is unlikely that the damages
12 owed to any single plaintiff would be so substantial as to justify the time and
13 expense of individual litigation.  At the same time, Plaintiffs provide facts to
14 suggest that Defendants may have generated substantial profits by enrolling
15 California consumers in automatic subscriptions in violation of the ARL's
16 requirements: Defendants derived almost half a billion dollars in net revenue
17 from OnlyFans user subscriptions in 2021, with 8.4% of their total revenue
18 coming from California consumers entitled to the protections of the ARL.[3]
19 [Cons. Compl. at ¶¶ 5, 12].

20 　　　　Moreover, none of the procedures in the English and Welsh courts that
21 Defendants have identified would offer Plaintiffs the essential benefits of the
22 class action format.  [Mot. at 17; White Decl. (Dkt. 35-14) at ¶¶ 47-49; Reply at

---

[3] *See* Cons. Compl. at ¶ 25 (indicating 70% of Defendants' total revenues are generated in the United States, and 12% of that 70% comes from California).

6, 7]. Under a "group litigation order," per CPR 19.11,[4] each claimant would be required to affirmatively opt into the proceedings and enter into a retainer agreement with the solicitor (attorney) responsible for managing the group's claims. As British courts acknowledge, the up-front costs of the retainer agreement render this process "not economic" for "claims which individually are only worth a few hundred pounds." [*Lloyd v. Google, LLC* (Dkt. 42-1)]. For similar reasons, the Court finds that the other procedural alternatives Defendants point to [*see* White Decl. (Dkt. 35-14) at ¶¶ 47, 48] would also fail to protect the important objectives of California's strong consumer class action policy.

As such, the Court concludes that Defendants' forum selection clause is void as contrary to California public policy and declines to enforce it.

**B.  Personal Jurisdiction over Defendants in California**

Next, Defendants argue that Plaintiffs' claims must be dismissed because this Court lacks personal jurisdiction over them. [Mot. at 23-27]. Plaintiffs concede that there is no general personal jurisdiction over either Defendant in California but maintain that specific jurisdiction is appropriate with regards to their ARL claim. [Opp. at 17].

**i.  Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. The exercise of specific personal jurisdiction over a nonresident defendant is proper only if the plaintiffs can show that (1) the defendant purposefully directed certain conduct to the forum

---

[4] As explained in Defendants' expert declaration in support of their motion, "the procedure of English civil litigation is governed by the Civil Procedure Rules 1998, as amended (the 'CPR')." [White Decl. at ¶ 10].

state or purposely availed itself of the privileges of doing business there, and that (2) plaintiffs' claims arise out of or relate to these identified "forum-related activities." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

To determine whether a defendant "purposefully directed" its activities toward the forum, a court must consider the "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). That test "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011), quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). The *Calder* effects test asks "whether the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022).

In order to show purposeful availment, the plaintiff must show that the defendant "deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023). "[U]nilateral activity of another party or a third person" does not suffice. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

**ii.    Discussion**

Plaintiffs argue that, by "enroll[ing] consumers into automatically recurring OnlyFans subscriptions," Defendants "purposely availed" themselves of the privileges of doing business in California and should be subject to personal jurisdiction here. [Opp. at 18].

Plaintiffs are mistaken. As the Ninth Circuit has made clear, the mere operation of "interactive website" visited by residents of a particular state does

not, by itself, establish that Defendant either "expressly aimed" its conduct at that state or "deliberately reached out" to it. *See Mavrix*, 647 F.3d at 1231. Rather, the court must consider whether the defendant's generally accessible website had some "forum-specific focus," or if the defendant "exhibited an intent to cultivate an audience in the forum." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091-92 (9th Cir. 2023). Plaintiffs' assertions that a significant number of California residents visited and purchased subscriptions through Defendants' website are not enough to carry their burden in this inquiry.

Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) is therefore granted.

## IV. CONCLUSION

For the reasons provided above, the Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction and **DISMISSES** the complaint.[5]

Defendants' motion to seal [Dkt. 36] and Plaintiffs' motion to proceed anonymously [Dkt. 50] are **DENIED AS MOOT**. Defendants are **DIRECTED** to lodge with this Court a proposed final judgment, consistent with this order, on or before **Friday, May 10, 2024.**

**IT IS SO ORDERED.**

Dated: May 2, 2024

SUNSHINE S. SYKES
United States District Judge

---

[5] Because neither Plaintiffs' complaint nor their briefing suggests that the jurisdictional defect identified here is curable, the Court does not grant them leave to amend their pleadings.

-10-